■ KENNETH E. FIDLER, Respondent, v. PUBLIC CONSTRUCTORS, INC., Appellant.— Order unanimously affirmed, without costs. Memorandum: Defendant appeals from a Special Term order which required it to submit to an examination before trial and to produce its books and records on the examination. The action was commenced on December 16, 1966 to foreclose a mechanics lien. Issue was joined on December 29, 1966. On October 8, 1968 plaintiff's attorney having died, another attorney filed a note of issue. Through an error by a court clerk the case was removed from the calendar on the erroneous assumption that it had been settled. On August 18, 1971 plaintiff's present attorneys filed a new note of issue for restoration of the case to the calendar in which they reserved the taking of examinations before trial and depositions. On January 17, 1972 plaintiff's motion for the examination before trial and production of records was granted. Although examinations before trial will not ordinarily be permitted after the filing of a note of issue such examinations may be ordered where justified by special circumstances. (*Wahrhaftig* v. *Space Design Group,* 33 A D 2d 953). Appellant contends that the circumstances shown in this case do not justify the granting of the order. Special Term in granting the order said: " The examination * * * will sharpen the issues and materially shorten the * * * trial." In our opinion the death of respondent's original attorney, erroneous removal of the case from the calendar, failure of defendant to move to vacate the second note of issue which reserved the taking of depositions and examination before trial, the lack of any showing of prejudice to appellant and the desirability of facilitating the trial justified the granting of the order (cf. *68 Fifth Ave. Rest.* v. *59 Fifth Rest. Corp.,* 37 A D 2d 780; *Cassidy* v. *Kolonsky,* 37 A D 2d 880). (Appeal from order of Onondaga Special Term granting examination before trial.) Present — Goldman, P. J., Del Vecchio, Gabrielli, Moule and Henry, JJ.