■ ALFRED C. SCHMITT et al., Respondents, v CARL MEYER'S HOF, INC., Appellant. — Order unanimously affirmed, without costs, in accordance with the following memorandum: Plaintiff seeks $800,000 damages for injuries allegedly sustained while a patron of defendant's restaurant when defendant's employee spilled hot water on his leg. Reacting to the hot water, plaintiff instinctively jumped up, and thus he sustained not only a burn on his leg from the hot water but also, it is alleged, a "herniated disc", a "heart condition" and other serious and permanent injuries. Upon deposing plaintiff before trial, defendant learned that plaintiff had sustained other injuries to his back before the accident in suit and had in fact undergone surgery to correct them. Defendant therefore sought a physical examination of plaintiff and authorization to examine his past medical records pursuant to CPLR 3121. Plaintiff failed to respond to defendant's written request and subsequently his counsel filed a note of issue with a certificate of readiness. More than 20 days passed without defendant moving to strike the note of issue, but thereafter, having failed to receive any response to his 3121 request, defendant moved for an order to compel discovery pursuant to CPLR 3124. In opposing the motion, plaintiff asserts that defendant lost its right to discovery by failing to move to strike the note of issue. Special Term denied defendant's motion "without prejudice", apparently because the record does not contain a copy of defendant's discovery notice or proof of service. On oral argument before this court, plaintiff's counsel conceded that he had received a discovery request before filing the note of issue but he denied its legal sufficiency. We affirm with leave to defendant to renew the motion on proper papers. In affirming, we note that a deliberate misrepresentation by an attorney that all pretrial proceedings are completed, made in an attempt to foreclose further discovery after it has been properly requested, may present special circumstances warranting the relief defendant requests. Particularly is that so where, as here, trial is not imminent, no prejudice is evident and the discovery will sharpen the issues at trial (see *Fidler v Public Constructors*, 39 AD2d 827). (Appeal from order of Supreme Court, Erie County, Bayger, J. — physical examination.) Present — Simons, J. P., Callahan, Denman, Boomer and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MENDOZA, Appellant. — Judgment, insofar as it imposes sentence, unanimously modified, on the law, to a sentence of five years' probation, a condition of which shall be a term of 60 days' imprisonment to run concurrently with the sentence of probation (see Penal Law, § 60.01, subd 2, par [d]), and otherwise judgment affirmed. (Appeal from judgment of Supreme Court, Monroe County, Boomer, J. — assault, second degree.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ GARY BOHLING, Appellant, v INVESTORS DIVERSIFIED SERVICES, INC., et al., Respondents. — Order unanimously affirmed, without costs, for the reasons stated at Special Term, Hayes, J. (Appeal from order of Supreme Court, Oneida County, Hayes, J. — breach of contract, commissions.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ In the Matter of ROCCO D. POTENZA, an Attorney. — A certified copy of a certificate of conviction of Rocco D. Potenza, an attorney, in the Supreme Court, Erie County, of the crime of bribery, second degree, having been presented to this court, he is disbarred and his name is stricken from the roll of attorneys. Present — Dillon, P. J., Simons, Hancock, Jr., Boomer and Schnepp, JJ.