■ HARRY AROSA et al., Respondents, v HILTON HOTELS CORPORATION et al., Respondents, and OTIS ELEVATOR COMPANY, Defendant and Second Third-Party Plaintiff-Appellant. FEDERAL DISTRIBUTING CORPORATION et al., Second Third-Party Defendants-Respondents. (Action No. 1.) ORLANDO WILLIAMS, Respondent, v NEW YORK HILTON JOINT VENTURE et al., Defendants and Third-Party Plaintiffs-Respondents. OTIS ELEVATOR COMPANY, Third-Party Defendant-Appellant; FEDERAL DISTRIBUTING COMPANY, Third-Party Defendant-Respondent. (Action No. 2.)—In related actions to recover damages for personal injuries, etc., the defendant Otis Elevator Company appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated February 20, 1990, which denied its motion for further discovery in Actions No. 1 and 2.

Ordered that the order is affirmed, with one bill of costs.

CPLR 3103 (a) provides that "[t]he court may at any time on its own initiative, or on motion of any party or witness, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts".

Here, it cannot be said that the court improvidently exer-

cised its discretion by declining to permit Otis Elevator Company (hereinafter Otis) additional discovery where it appears that Otis's demands were motivated by a desire to harass and to delay rather than by a genuine need for information. Accordingly, we find that Otis's motion for further discovery was properly denied. Mangano, P. J., Lawrence, Rosenblatt and Copertino, JJ., concur.