■ JOHN KINGSTON, Respondent, v MICHAEL BRESLIN et al., Appellants. [831 NYS2d 714]—In an action for a judgment declaring that the plaintiff is a shareholder of the defendants Atlantic-Heydt Corporation and Atlantic-Heydt Rental Corporation, doing business as Atlantic-Heydt Leasing Co., and a shareholder's derivative action, among other things, to recover damages for waste of corporate assets and breach of fiduciary duty, the defendants Michael Breslin, John Breslin, Ave. Woodward Corp., 2 Ave. Woodward Corp., Atlantic-Heydt Corporation, and Atlantic-Heydt Rental Corporation, doing business as Atlantic-Heydt Leasing Co., appeal from (1) an order of the Supreme Court, Westchester County (Rudolph, J.), entered November 15, 2005, which denied their motion pursuant to CPLR 3104 (d) to vacate so much of an order of the same court (Friedman, J.H.O.), dated September 23, 2005, as denied their application to compel a response to certain discovery demands, (2) an order of the

same court (Rudolph, J.), also entered November 15, 2005, which denied their motion, among other things, pursuant to CPLR 3104 (d) to vacate an order of the same court (Friedman, J.H.O.), dated October 24, 2005, which certified that discovery was complete, and (3) an order of the same court (Rudolph, J.), entered April 4, 2006, which denied their motion, among other things, to vacate the note of issue.

Ordered that on the Court's own motion, the appeals by the defendants Atlantic-Heydt Corporation and Atlantic-Heydt Rental Corporation, doing business as Atlantic-Heydt Leasing Co., are dismissed as academic, as we have declared, on a prior appeal, that the plaintiff is not a shareholder of those defendants, and complete relief has been accorded between the plaintiff and those defendants (*see Kingston v Breslin*, 25 AD3d 657 [2006]); and it is further,

Ordered that the orders are affirmed insofar as reviewed, with one bill of costs payable by the defendants Michael Breslin, John Breslin, Ave. Woodward Corp., and 2 Ave. Woodward Corp.

The Judicial Hearing Officer (hereinafter the JHO) appointed by the Supreme Court to supervise discovery as a referee (*see* CPLR 3104) providently exercised his discretion in determining, inter alia, that certain documents sought by the defendants Michael Breslin, John Breslin, Ave. Woodward Corp., and 2 Ave. Woodward Corp. (hereinafter the defendants) were not "material and necessary" to their defense of this action, or to the prosecution of their counterclaim alleging tortious interference with prospective economic advantage (CPLR 3101 [a]; *see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *Arosa v Hilton Hotels Corp.*, 178 AD2d 573, 573-574 [1991]). The JHO also providently exercised his discretion in later certifying that the matter was ready for trial (*see Matter of Tarka*, 268 AD2d 396, 397 [2000]). Accordingly, the Supreme Court correctly denied the defendants' motions to vacate the JHO's orders (*see* CPLR 3104 [d]; *Krygier v Airweld, Inc.*, 176 AD2d 701, 702 [1991]), and properly declined to vacate the note of issue (*see* 22 NYCRR 202.21 [e]).

The defendants' remaining contentions are without merit. Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.