■ JOHN MAYO, Appellant, v LINCOLN TRIANGLE ASSOCIATES, INC., et al., Respondents. [669 NYS2d 635] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated September 11, 1997, which granted the defendants' motion to compel the plaintiff to submit to physical examinations.

Ordered that the order is reversed, with costs, and the motion is denied.

The defendants waived their right to conduct physical examinations of the plaintiff when they failed to hold the examinations during the period of time set forth by the court in its preliminary conference order, and thereafter, when they failed to conduct the examinations within the 45-day period set forth in a stipulation signed by the parties (*see, Kanterman v Palmiotti,* 122 AD2d 116; *Levine v McFarland,* 98 AD2d 795, 796). Significantly, the defendants did not demand the examinations until after the plaintiff had filed a note of issue and certificate of readiness. When the plaintiff refused the defendants' late request, claiming that they had waived that right, the defendants moved to compel the examinations.

The Supreme Court may, in its discretion, grant permission to conduct additional discovery after the filing of a note of issue and certificate of readiness, where the moving party demonstrates that unusual or unanticipated circumstances developed subsequent to the filing requiring additional pretrial proceedings to prevent substantial prejudice (*see,* 22 NYCRR 202.21 [d]). In the present case, however, the defendants failed to offer any evidence of unusual or unanticipated circumstances subsequent to the filing of the note of issue such as would justify relieving them of their failure to conduct timely examinations (*see,* 22 NYCRR 202.21 [d]; *Gordon v County of Nassau,* 241 AD2d 478; *Fox Co. v Sleicher,* 186 AD2d 537). Under the circumstances, the Supreme Court improvidently exercised its discretion in granting the defendants' motion to compel the examinations. Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.