■ HARRY GILL, Appellant, v UNITED PARCEL SERVICE, INC., et al., Respondents. [670 NYS2d 890] —In an action to recover

damages for personal injuries, the plaintiff appeals (1) from a transcript of the Supreme Court, Queens County (Posner, J.), dated June 19, 1997, and (2) as limited by his brief, from so much of an order of the same court dated June 24, 1997, as granted the defendants' motion, *inter alia*, to compel him to submit to orthopedic and neurological examinations by the defendants' doctors to the extent of directing that he submit to certain examinations on condition that the defendants pay $1,000 to his attorney.

Ordered that the appeal from the transcript dated June 19, 1997, is dismissed, as the transcript is not a paper from which an appeal can be taken (*see, Ojeda v Metropolitan Playhouse*, 120 AD2d 717; CPLR 2219 [a]; 5512 [a]); and it is further,

Ordered that the order dated June 24, 1997, is reversed insofar as appealed from, and the motion is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendants waived their right to conduct physical examinations of the plaintiff when they failed to arrange for the examinations to be conducted during the time period set by the court in its preliminary conference order and, thereafter, when they again failed to conduct the examinations within the time period set in the court's order of August 28, 1996 (*see, Kanterman v Palmiotti*, 122 AD2d 116; *Levine v McFarland*, 98 AD2d 795). Since the matter has now been restored to the Trial Calendar, the defendants were required to show the existence of unusual or unanticipated circumstances, which developed subsequent to the time of such reinstatement, before the Supreme Court could grant additional pretrial proceedings, i.e., the requested physical examinations. Since the defendants failed to do so, the Supreme Court was without authority to permit additional pretrial proceedings and improvidently exercised its discretion by allowing physical examinations of the plaintiff at this time on condition that the defendants pay a sanction (*see,* 22 NYCRR 202.21 [d]; *Mayo v Lincoln Triangle Assocs.*, 248 AD2d 362).

The parties' remaining contentions are either without merit or academic in light of our determination. Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.