■ Susan Schenk et al., Appellants, v Brian A. Maloney, Respondent. [697 NYS2d 332] —In a medical malpractice action

to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated October 30, 1998, as granted that branch of the defendant's motion which was to compel the plaintiff Susan Schenk to submit to a psychiatric examination.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to compel the plaintiff Susan Schenk to submit to a psychiatric examination is denied.

Almost two years after service of the note of issue and certificate of readiness, the defendant moved to compel the injured plaintiff to undergo a psychiatric examination. The defendant waived his right to conduct a psychiatric examination of the injured plaintiff by his failure to arrange for such an examination within the 45-day time period set forth in the stipulation dated November 13, 1996 (see, Williams v Long Is. Coll. Hosp., 147 AD2d 558; Kanterman v Palmiotti, 122 AD2d 116), and by his failure to move to vacate the note of issue within 20 days after service of the note of issue and certificate of readiness on December 9, 1996 (see, 22 NYCRR 202.21 [e]; Fox Co. v Sleicher, 186 AD2d 537; Keane v Ranbar Packing, 121 AD2d 601). Furthermore, the defendant failed to demonstrate that "unusual and unanticipated circumstances" developed subsequent to the filing of the note of issue and certificate of readiness which would require such psychiatric examination (see, 22 NYCRR 202.21 [d]; Frangella v Sussman, 254 AD2d 391; Bonavita v Crudo, 124 AD2d 619, 620). The defendant's motion to compel was made almost three years after he was served with the plaintiffs' amended bill of particulars and narrative reports of the injured plaintiff's treating psychotherapist, and the plaintiffs have not alleged new or additional injuries or that the nature and extent of the existing injuries have changed dramatically (see, Frangella v Sussman, supra; Stella v Ahmed, 223 AD2d 698). Therefore, the defendant's motion to compel examination of the injured plaintiff should have been denied. Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.