■ VERONICA JAMES et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [742 NYS2d 855] —In an action to recover damages for personal injuries, etc., the plaintiffs, Veronica James and Jaraldo S. James, appeal from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated November 19, 2001, as granted that branch of the defendants' motion which was to compel the plaintiff Veronica James to submit to physical examinations.

Ordered that the appeal by the plaintiff Jaraldo S. James is dismissed, as he is not aggrieved by the portion of the order appealed from (*see* CPLR 5511; *Sidor v Zuhoski,* 257 AD2d 564); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff Veronica James, and that branch of the motion which was to compel the plaintiff Veronica James to submit to physical examinations is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Veronica James.

More than five months after the service of the note of issue and certificate of readiness, the defendants moved to compel the injured plaintiff to submit to physical examinations. The defendants waived their right to conduct physical examinations of the injured plaintiff by their failure to arrange for such examinations within the 45-day period set forth in the parties' preliminary conference order (see Schenk v Maloney, 266 AD2d 199, 200; Gill v United Parcel Serv., 249 AD2d 265, 266; Mayo v Lincoln Triangle Assoc., 248 AD2d 362, 363; Williams v Long Is. Coll. Hosp., 147 AD2d 558, 559; Kanterman v Palmiotti, 122 AD2d 116), and by their failure to move to vacate the note of issue within 20 days after service of it and the certificate of readiness (22 NYCRR 202.21 [e]; see Schenk v Maloney, supra at 200; Fox Co. v Sleicher, 186 AD2d 537).

The Supreme Court may, in its discretion, grant permission to conduct additional discovery after the filing of a note of issue and certificate of readiness, where the moving party demonstrates that "unusual or unanticipated circumstances" developed subsequent to the filing requiring additional pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]; see Schenk v Maloney, supra at 200; Audiovox Corp. v Benyamini, 265 AD2d 135, 140; Mayo v Lincoln Triangle Assoc., supra at 363). The defendants failed to offer any evidence of unusual or unanticipated circumstances subsequent to the filing of the note of issue to justify relieving them of their failure to conduct timely physical examinations (see 22 NYCRR 202.21 [d]; Schenk v Maloney, supra at 200; Gill v United Parcel Serv., supra at 266; Mayo v Lincoln Triangle Assoc., supra at 363). As such, the Supreme Court was without authority to permit additional pretrial proceedings and erred in allowing physical examinations of the injured plaintiff on condition that the defendants pay a sanction (see Gill v United Parcel Serv., supra at 266; Mayo v Lincoln Triangle Assoc., supra at 363). Ritter, J.P., Smith, Luciano and Crane, JJ., concur.