■ FIDELIO RODRIGUEZ et al., Appellants, v SAU WO LAU, Respondent. [751 NYS2d 231] —In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Barron, J.), dated December 12, 2001, which, in effect, granted the defendant's motion pursuant to CPLR 3124 and 3126 to dismiss the complaint unless the plaintiff Fidelio Rodriguez appeared for physical examinations.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The defendant waived her right to conduct physical examinations of the injured plaintiff by failing to arrange for such examinations within the 45-day period set forth in the discovery order of the Supreme Court (*see James v New York City Tr. Auth.,* 294 AD2d 471; *Schenk v Maloney,* 266 AD2d

199; *Gill v United Parcel Serv.*, 249 AD2d 265; *Mayo v Lincoln Triangle Assoc.*, 248 AD2d 362).

The Supreme Court improvidently exercised its discretion in directing physical examinations of the injured plaintiff as the defendant's motion to dismiss was made four months after service of the note of issue and certificate of readiness. Since the defendant failed to move to vacate the note of issue within 20 days after its filing (*see* 22 NYCRR 202.21 [e]; *Schenk v Maloney, supra*; *Fox Co. v Sleicher,* 186 AD2d 537), she was required to demonstrate that unusual or unanticipated circumstances developed subsequent to the filing requiring additional pretrial proceedings to prevent substantial prejudice (*see* 22 NYCRR 202.21 [d]; *Audiovox Corp. v Benyamini,* 265 AD2d 135). The defendant failed to establish any unusual or unanticipated circumstances subsequent to the filing of the note of issue which would warrant relieving her of her failure to timely conduct the physical examinations (*see* 22 NYCRR 202.21 [d]; *James v New York City Tr. Auth., supra*; *Schenk v Maloney, supra*; *Gill v United Parcel Serv., supra*; *Mayo v Lincoln Triangle Assoc., supra*). Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.