█ SPYROS KARAKOSTAS, Appellant, v AVIS RENT A CAR SYSTEMS, Respondent, et al., Defendants. [761 NYS2d 283] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated February 24, 2003, which granted the motion of the defendant Avis Rent A Car Systems pursuant to CPLR 3124 to compel the plaintiff to submit to an interview and vocational testing with a vocational rehabilitation expert.

Ordered that the order is affirmed, with costs.

The Supreme Court, in its discretion, may grant permission to conduct additional discovery after the filing of a note of issue and certificate of readiness, where the moving party demonstrates that "unusual or unanticipated circumstances" developed subsequent to the filing requiring additional pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]; *see James v New York City Tr. Auth.,* 294 AD2d 471 [2002]; *Audiovox Corp. v Benyamini,* 265 AD2d 135, 140 [2000]). The Supreme Court providently exercised its discretion in granting the respondent additional discovery. It was not until after the filing of the note of issue that the plaintiff served a supplemental response to discovery indicating for the first time that the plaintiff would call an expert to testify about the plaintiff's disability and lost future earnings. Thus, there were "unusual or unanticipated circumstances" present here justifying the additional discovery so that the respondent could obtain matter material and necessary in the defense of the action (22 NYCRR 202.21 [d]; *see* CPLR 3101 [a]; *Kavanagh v Ogden Allied Maintenance Corp.,* 92 NY2d 952 [1998]). Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.