■ Mario Manzo, Appellant, et al., Plaintiff, v City of New York et al., Respondents. [880 NYS2d 310]—

In a consolidated action, inter alia, to recover damages for personal injuries, the plaintiff Mario Manzo appeals from so much of an order of the Supreme Court, Kings County (Miller, J.), dated September 17, 2008, as granted that branch of the defendants' motion which was to compel him to submit to an additional physical examination.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the defendants' motion which was to compel the plaintiff Mario Manzo to submit to an additional physical examination is denied.

Five months after service of the injured plaintiff Mario Manzo's supplemental bill of particulars, the defendants moved, inter alia, to compel him to appear for an additional physical examination. The Supreme Court granted that branch of the defendants' motion.

The defendants waived their right to conduct an additional physical examination of the injured plaintiff when they failed to move to vacate the note of issue within 20 days after service of the note of issue and the certificate of readiness (*see* 22 NYCRR 202.21 [e]; *James v New York City Tr. Auth.*, 294 AD2d 471, 472 [2002]; *Schenk v Maloney*, 266 AD2d 199, 200 [1999]; *Gill v United Parcel Serv.*, 249 AD2d 265, 266 [1998]). While the Supreme Court may, in its discretion, grant permission to conduct additional discovery after the filing of a note of issue and certificate of readiness where the moving party demonstrates that "unusual or unanticipated circumstances" developed subsequent to the filing requiring additional pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]; *see James v New York City Tr. Auth.*, 294 AD2d at 472; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 140 [2000]), here, the defendants failed to establish any unusual or unanticipated circumstances subsequent to the filing of the note of issue and certificate of readiness that would warrant an additional physical examination of the injured plaintiff (*see* 22 NYCRR 202.21 [d]; *James v New York City Tr. Auth.*, 294 AD2d at 472). Accordingly, that branch of the defendants' motion which was to compel an additional physical examination of the injured plaintiff should have been denied. Skelos, J.P., Florio, Balkin and Belen, JJ., concur.