■ JOGINDER SINGH, Respondent, v 244 W. 39TH STREET RE-ALTY, INC., et al., Appellants. (And Other Titles.) [885 NYS2d 623]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated November 7, 2008, which denied their motion, inter alia, for leave to conduct additional discovery of the plaintiff with respect to his claim for future medical care, surveillance videos of the plaintiff, and his claim for lost wages.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendants' motion which was for leave to conduct additional discovery of the plaintiff with respect to his claim for future medical care and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

To prevent substantial prejudice, the Supreme Court, in its discretion, may grant leave to conduct additional discovery after the filing of a note of issue and certificate of readiness where the moving party demonstrates that "unusual or unanticipated circumstances" developed subsequent to the filing requiring additional pretrial proceedings (22 NYCRR 202.21 [d]; see James v New York City Tr. Auth., 294 AD2d 471, 472 [2002]; Audiovox Corp. v Benyamini, 265 AD2d 135, 140 [2000]). Here, approximately nine months after the filing of the note of issue, the plaintiff served a supplemental bill of particulars and an expert report with worksheets alleging that the cost of his future medical care would be approximately $8.9 million. This amount was more than three times what had been alleged earlier. Under these circumstances, the defendants demonstrated that "unusual or unanticipated circumstances" developed subsequent to

the filing of the note of issue, justifying an additional deposition of the plaintiff regarding his claim for future medical care (*cf. Karakostas v Avis Rent A Car Sys.*, 306 AD2d 381, 382 [2003]). Accordingly, that branch of the defendants' motion which was for leave to conduct additional discovery of the plaintiff with respect to his claim for future medical care should have been granted.

The defendants, however, failed to demonstrate that "unusual or unanticipated circumstances" developed subsequent to the filing of the note of issue with respect to surveillance videos of the plaintiff or the plaintiff's claim for lost wages. The plaintiff's supplemental bill of particulars claiming lost wages was served approximately nine months prior to the filing of the note of issue and one year and eight months prior to the defendants' motion, and the plaintiff did not allege that the amount of his claim for lost wages, as opposed to his claim for future medical care, had changed dramatically (*see Schenk v Maloney*, 266 AD2d 199, 200 [1999]; *Frangella v Sussman*, 254 AD2d 391, 392 [1998]). Moreover, the defendants failed to explain why the surveillance could not have been conducted earlier in the discovery process (*see Audiovox Corp. v Benyamini*, 265 AD2d at 140). Accordingly, those branches of the defendants' motion which were for leave to conduct additional discovery of the plaintiff with respect to the surveillance videos and his claim for lost wages were properly denied. Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.