■ KYLE OWEN, an Infant, by His Mother and Natural Guardian, DANIELLE WILLIAMS OWEN, et al., Appellants, v DENISE LESTER et al., Respondents, et al., Defendant. [915 NYS2d 277]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 13, 2010, as granted that branch of the motion of the defendants Denise Lester and South Bay OB/GYN, P.C., which was to extend their time to perform an independent medical examination of the plaintiff Kyle Owen.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendants Denise Lester and South Bay OB/GYN, P.C., which was to extend their time to perform an independent medical examination of the plaintiff Kyle Owen is denied.

The respondents waived their right to conduct an independent medical examination of the infant plaintiff by failing to arrange for such examination within the time period set forth in the preliminary conference order (*see Rodriguez v Sau Wo Lau*, 298 AD2d 376 [2002]; *James v New York City Tr. Auth.*, 294 AD2d 471, 472 [2002]; *Schenk v Maloney*, 266 AD2d 199, 200 [1999]), and by their failure to move to vacate the note of issue within 20 days after service of the note of issue and certificate of readiness (*see* 22 NYCRR 202.21 [e]; *James v New York City Tr. Auth.*, 294 AD2d at 472; *Schenk v Maloney*, 266 AD2d at 200; *Williams v Long Is. Coll. Hosp.*, 147 AD2d 558, 559 [1989]). While the Supreme Court may, in its discretion, grant permission to conduct additional discovery after the filing of a note of issue and certificate of readiness where the moving party demonstrates that "unusual or unanticipated circumstances" developed subsequent to the filing, requiring additional pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]), here, the respondents failed to offer any evidence of unusual or unanticipated circumstances subsequent to the filing of the note of issue to justify relieving them of the consequences of their failure to conduct a timely medical examination of the infant plaintiff (*see Manzo v City of New York*, 62 AD3d 964, 965 [2009]; *James v New York City Tr. Auth.*, 294 AD2d at 472; *Schenk v Maloney*, 266 AD2d at 200; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 140 [2000]). Accordingly, that branch of the respondents' motion which was to extend their time to perform an independent medical examination of the infant plaintiff should have been denied. Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.

Motion by the respondents on an appeal from an order of the Supreme Court, Suffolk County, dated April 13, 2010, to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated September 27, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is denied, without costs or disbursements. Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.