■ BRIDGET WIGAND, Appellant, v SAUL MODLIN, Respondent.
[919 NYS2d 868]—

In this action to recover damages for medical malpractice and lack of informed consent, the defendant moved, on the eve of trial, inter alia, to direct the plaintiff to appear for an independent medical examination (hereinafter IME). Thereafter, the Supreme Court issued a written order dated April 16, 2009, which, among other things, directed the plaintiff to appear for the IME. The plaintiff then moved, in effect, for leave to reargue her opposition to that branch of the defendant's motion which was to direct her to appear for the IME. Upon reargument, the Supreme Court adhered to its prior determination. We reverse the order insofar as appealed from.

The Supreme Court may, in its discretion, grant permission to conduct additional discovery after the filing of a note of issue and certificate of readiness where the moving party demonstrates that "unusual or unanticipated circumstances" developed subsequent to the filing, requiring additional pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]; *see Owen v Lester*, 79 AD3d 992 [2010]; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 140 [2000]). However, the Supreme Court erred in adhering to its determination granting that

branch of the defendant's motion, made on the eve of trial, which was to direct the plaintiff to appear for an IME. The defendant failed to offer evidence of unusual or unanticipated circumstances that developed subsequent to the filing of the note of issue and certificate of readiness to justify relieving him of the consequences of his failure to conduct a timely medical examination of the plaintiff (*see Owen v Lester*, 79 AD3d 992 [2010]; *Manzo v City of New York*, 62 AD3d 964, 965 [2009]; *Audiovox Corp. v Benyamini*, 265 AD2d at 138).

Accordingly, upon reargument, that branch of the defendant's motion which was to direct the plaintiff to appear for an IME should have been denied. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.