■ WELQUIS LOPEZ, Appellant, v RETAIL PROPERTY TRUST, Defendant, and KONE, INC., Respondent. [921 NYS2d 906]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered September 14, 2010, as denied his cross motion pursuant to CPLR 3124 to compel the defendant Kone, Inc., to comply with discovery.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the plaintiff's cross motion to compel the defendant Kone, Inc., to comply with discovery is granted.

The Supreme Court, in its discretion, may grant permission to conduct additional discovery after the filing of a note of issue and certificate of readiness where the moving party demonstrates that "unusual or unanticipated circumstances" devel-

oped subsequent to the filing requiring additional pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]; *see Wigand v Modlin*, 82 AD3d 1213 [2011]; *Owen v Lester*, 79 AD3d 992 [2010]; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 140 [2000]). The compliance conference order dated February 17, 2010, warning the plaintiff that failure to file a note of issue within 90 days would result in dismissal of the action, did not mandate that all discovery be complete prior to the filing of the note of issue. Even though the defendant Kone, Inc. (hereinafter the defendant), was impeding discovery, the plaintiff filed a conditional note of issue as directed by the compliance conference order. It was not until after the filing of the conditional note of issue that the defendant moved for a protective order with respect to the plaintiff's discovery requests, on the ground that they were untimely. Under these circumstances, the plaintiff's cross motion to compel the defendant to comply with outstanding discovery should have been granted (*see Karakostas v Avis Rent A Car Sys.*, 306 AD2d 381, 382 [2003]; *Schmitt v Carl Meyer's Hof, Inc.*, 86 AD2d 985 [1982]). Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.