Phillip Matthew, Appellant, v City of New York et al., Defendants, and Consolidated Edison Company of New York, Respondent. [934 NYS2d 859]—

A compliance conference order dated January 4, 2010, provided that the plaintiff's failure to file a note of issue on or before July 16, 2010, would result in dismissal of the action pursuant to CPLR 3216. While discovery was still outstanding, on July 16, 2010, the plaintiff filed a conditional note of issue without first obtaining permission from the court pursuant to 22 NYCRR 202.21 (d) (*see Huger v Cushman & Wakefield, Inc.,* 58 AD3d 682, 684 [2009]; *cf. Lopez v Retail Prop. Trust,* 84 AD3d 891 [2011]). More than 5½ months after filing the conditional note of issue, the plaintiff moved pursuant to CPLR 3124 to compel the respondent to comply with discovery requests or, in the alternative, pursuant to CPLR 3126 to strike the respondent's answer. In support of his motion, the plaintiff failed to demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue that would warrant additional pretrial discovery (*see* 22 NYCRR 202.21 [d]; *Wigand v Modlin,* 82 AD3d 1213 [2011]; *Tirado v Miller,* 75 AD3d 153, 161 [2010]; *Silverberg v Guzman,* 61 AD3d

955 [2009]; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 140 [2000]). Accordingly, the Supreme Court properly denied the plaintiff's motion. Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.