KATHARINE STOCK et al., Respondents, v NICHOL MORIZZO, Doing Business as VILLAGE HAIR STUDIO, et al., Defendants, and MR. BEAUTY EQUIPMENT, LTD., Appellant. (And Third-Party Actions.) [938 NYS2d 206]—

The Supreme Court, in its discretion, may grant permission to conduct additional discovery after the filing of a note of issue and certificate of readiness where the moving party demonstrates that "unusual or unanticipated circumstances" developed subsequent to the filing that require additional pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]; *see Lopez v Retail Prop. Trust*, 84 AD3d 891 [2011]; *Wigand v Modlin*, 82 AD3d 1213 [2011]; *Owen v Lester*, 79 AD3d 992 [2010]; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 140 [2000]). Here, more than two years after the filing of the note of issue and certificate of readiness, the plaintiffs served a neuropsychiatric report, which alleged that the injured plaintiff suffered from new or additional psychiatric injuries and that her psychological injuries had dramatically changed. Under these circumstances, the appellant demonstrated that "unusual or unanticipated circumstances" developed subsequent to the filing of the note of issue and certificate of readiness, justifying a neuropsychiatric examination of the injured plaintiff (*see Sorrentino v Fedorczuk*, 85 AD3d 759, 760 [2011]; *Singh v 244 W. 39th St. Realty, Inc.*, 65 AD3d 1325, 1326 [2009]; *Karakostas v Avis Rent A Car Sys.*, 306 AD2d 381, 382 [2003]; *Huggins v New York City Tr. Auth.*, 225 AD2d 732, 733 [1996]). Accord-

ingly, the Supreme Court should have granted the appellant's renewed motion to compel the injured plaintiff to submit to an independent neuropsychiatric examination.

We have not considered the appellant's contention that the injured plaintiff should also be compelled to submit to an additional deposition, which was improperly raised for the first time in reply papers, and not considered by the Supreme Court (*see Encarnacion v Smith*, 70 AD3d 628, 629 [2010]; *Goldstein v Haberman*, 183 AD2d 807 [1992]), Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.