*565 OPINION OF THE COURT
Francois A. Rivera, J.
By notice of motion filed on March 29, 2012, under motion sequence No. 2, defendants Royal Oak, Benjamin D. Shih and Good Shot! Inc. have jointly moved pursuant to CPLR 3121 (a) and 22 NYCRR 202.17 (g) for an order compelling plaintiff to submit to an additional independent medical examination (IME). In the alternative defendants seek an order pursuant to CPLR 3126 (2) and 22 NYCRR 202.17 (h) precluding plaintiff from submitting evidence of her physical condition at the time of trial. Plaintiff opposes the motion.
Background
On October 22, 2010, plaintiff commenced the action by filing a summons and verified complaint with the Kings County Clerk’s office. Defendants joined issue by their verified answer dated December 10, 2010. Plaintiffs complaint seeks damages for personal injuries allegedly sustained in a fall that occurred on August 6, 2010. On February 14, 2012, plaintiff filed a note of issue.
Law and Application
The following facts are undisputed. In April 2011, the plaintiff underwent arthroscopic surgery of her right shoulder. In the instant case, the court issued a preliminary conference (PC) order directing the plaintiff to submit to an IME by January 15, 2012. On January 12, 2012, plaintiff complied with the PC order by appearing and submitting to an orthopedic examination at Dr. Zaretsky’s office. Dr. Zaretsky prepared an affirmed report of his examination and opined that the plaintiffs surgery of her right shoulder prevented him from conducting a full examination due to her complaints of pain. He suggested that she should be reexamined in about four months. By letter dated February 9, 2012, the defendants served Dr. Zaretsky’s affirmed report on the plaintiff with notice that they were reserving their right to conduct a further orthopedic examination. Without being asked to submit to a further orthopedic examination, plaintiff notified the defendants by letter dated February 13, 2012 that she would not consent to such an examination. Defendants now seek an order compelling plaintiff to submit to a further medical examination pursuant to CPLR 3121 (a).
CPLR 3121 (a) provides in pertinent part as follows:
“After commencement of an action in which the mental or physical condition ... of a party ... is *566 in controversy, any party may serve notice on another party to submit to a physical, mental or blood examination by a designated physician, or to produce for such examination his agent, employee or the person in his custody or under his legal control.”
The defendants contend that Dr. Zaretsky’s affirmed medical report provides a basis from which the court may compel the plaintiff to undergo an additional IME. It is well settled that once the note of issue is filed the court may order an additional IME if the moving party submits an affidavit showing an unusual or unanticipated circumstance developed warranting an additional IME to prevent substantial prejudice (see 22 NYCRR 202.21 [d]; Futersak v Brinen, 265 AD2d 452 [2d Dept 1999]). This method does not require the movant to seek the striking of the note of issue.
Furthermore, parties seeking a post-filing disclosure may move to vacate the note of issue. If they do so within 20 days after the note of issue and certificate of readiness were filed they simply must show that the case is not ready for trial (see 22 NYCRR 202.21 [e]; James v New York City Tr. Auth., 294 AD2d 471 [2d Dept 2002]; Schenk v Maloney, 266 AD2d 199 [2d Dept 1999]). However, if they move to strike the note of issue more than 20 days after its filing then they have an added burden. They must then show good cause for the lateness or they must either demonstrate that a material fact in the certificate of readiness is incorrect or that it fails to comply with the requirements of the court rule in some material respect (see 22 NYCRR 202.21 [e]; Ferraro v North Babylon Union Free School Dist., 69 AD3d 559 [2d Dept 2010]).
The defendants did not move to vacate the note of issue or submit an affidavit showing an unusual or unanticipated circumstance had developed. In the instant case, plaintiff would not consent to undergo an additional exam and filed a note of issue. Accordingly, the defendants were required to either move to vacate the note of issue, or submit an affidavit demonstrating unusual or unanticipated circumstances developed after the filing which would warrant an additional IME to prevent prejudice.
Dr. Zaretsky’s affirmed report demonstrates that he was aware of plaintiffs shoulder surgery before he conducted the examination and chose to go forward regardless of its limited utility. Furthermore, his report notes plaintiff’s complaint of *567 continued pain in her neck, wrist, and spine and yet he had no trouble completing his examination and offering opinions on those specific areas of injury. Plaintiffs continued complaints of pain in the right shoulder region and Dr. Zaretsky’s difficulty dealing with the same were foreseeable. The court finds no basis to order that the plaintiff must submit to an additional IME. Therefore, defendants’ motion for an order pursuant to CPLR 3121 (a) and 22 NYCRR 202.17 (g) compelling plaintiff to submit to an additional IME is denied.
Defendants also seek an order compelling plaintiff to disclose medical reports pursuant to 22 NYCRR 202.17 (g) and an order pursuant to CPLR 3126 (2) and 22 NYCRR 202.17 (h) precluding the plaintiff from offering evidence of her physical condition at trial.
22 NYCRR 202.17 (g) provides in pertinent part as follows:
“In the event that the party examined intends at the trial to offer evidence of further or additional injuries or conditions, nonexistent or not known to exist at the time of service of the original medical reports, such party shall, within 30 days after the discovery thereof, and not later than 30 days before trial, serve upon all parties a supplemental medical report complying with the requirements of paragraph (b)(1) of this section, and shall specify a time, not more than 10 days thereafter, and a place at which a further examination may be had.”
There is no dispute that plaintiff disclosed medical reports of the original exam, evidenced by plaintiff’s notice of medical exchange dated January 19, 2012. Furthermore, there is no allegation that plaintiff intends to offer evidence of further or additional injury arising after the original examination. Therefore 22 NYCRR 202.17 (g) is inapplicable to the instant case.
CPLR 3126 (2) provides for preclusion in instances of willful disclosure violations. As stated:
“If any party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just, among them: . . .
“2. an order prohibiting the disobedient party from supporting or opposing designated claims or defenses, from producing in evidence designated things *568 or items of testimony, or from introducing any evidence of the physical, mental or blood condition sought to be determined” (CPLR 3126 [2]).
22 NYCRR 202.17 (h) also permits preclusion in situations where the plaintiff has withheld discovery from the defendant contrary to the requirements of 22 NYCRR 202.17 (a) through (g), the subdivisions of the rule which specify mandated disclosure. As there is no allegation that the plaintiff failed to comply with a court order or willfully failed to disclose information, preclusion is not warranted.
In conclusion, defendants’ motion to compel plaintiff to submit to an additional IME pursuant to CPLR 3121 (a) and 22 NYCRR 202.17 (g) is denied. Defendants’ motion to preclude the plaintiff from submitting evidence of her physical condition pursuant to CPLR 3126 (2) and 22 NYCRR 202.17 (h) is also denied.