In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Strauss, J.), entered February 16, 2012, which granted those branches of the plaintiffs motion which were to quash three nonparty subpoenas served upon the nonparties Amarjit Kaur, Harjinder Singh, and Sundip Singh and, in effect, for a protective order precluding the defendant from taking the testimony of those nonparty witnesses.
Ordered that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he was struck by a vehicle driven by the defendant on January 23, 2010. Issue was joined and discovery was conducted, including the taking of party depositions and the exchange of witness information. A *736 note of issue was filed by the plaintiff on May 3, 2011. The defendant did not move to vacate the note of issue. Instead, shortly thereafter, he moved, in effect, for summary judgment dismissing the complaint. In opposition, the plaintiff submitted an affidavit from an eyewitness whose identity was allegedly never previously disclosed. The defendant’s motion was denied and, in September 2011, the defendant served three nonparty witnesses, Amarjit Kaur, Harjinder Singh, and Sundip Singh with subpoenas to appear for deposition.
The plaintiff moved by order to show cause to quash the subpoenas, and, in effect, for a protective order precluding the defendant from taking the testimony of those nonparty witnesses. The defendant opposed the motion, asserting that those served with subpoenas were newly discovered witnesses first identified in the plaintiffs submissions in opposition to his motion, in effect, for summary judgment dismissing the complaint.
The Supreme Court granted the motion to quash the subpoenas and, in effect, for a protective order, holding that the defendant did not meet the criteria of 22 NYCRR 202.21 governing post-note of issue discovery. The defendant appeals.
Prior to serving the subpoenas upon the nonparty witnesses, the defendant did not move pursuant to 22 NYCRR 202.21 (e) to vacate the note of issue within 20 days of its service on the ground that the case was not ready for trial. Moreover, the defendant did not move pursuant to 22 NYCRR 202.21 (d) for permission to conduct post-note of issue discovery on the ground that “unusual or unanticipated circumstances” had developed after the filing of the note of issue (22 NYCRR 202.21 [d]). These are the only two methods available to a party who seeks to obtain disclosure after the filing of a note of issue (see Tirado v Miller, 75 AD3d 153, 156 [2010]; Audiovox Corp. v Benyamini, 265 AD2d 135, 138 [2000]). Accordingly, the “Supreme Court, which has inherent authority to control its calendar” (Tirado v Miller, 75 AD3d at 161; see Schreiber-Cross v State of New York, 57 AD3d 881, 884 [2008]), providently exercised its discretion in granting those branches of the motion which were to quash the three nonparty subpoenas and, in effect, for a protective order on the ground that the post-note of issue discovery was not permitted.
The defendant’s remaining contentions are improperly raised for the first time on appeal. Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.