■ DIMITRA GIANACOPOULOS, Appellant, v MARIA CORONA, Respondent. [18 NYS3d 558]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered May 26, 2015, as granted that branch of the defendant's renewed motion which was to compel the plaintiff to submit to an independent medical examination.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's renewed motion which was to compel the plaintiff to submit to an independent medical examination is denied.

The defendant waived her right to conduct an independent medical examination of the plaintiff by failing to designate a physician to conduct such examination within the time period set forth in the relevant compliance conference order (*see Rodriguez v Sau Wo Lau*, 298 AD2d 376 [2002]; *James v New York City Tr. Auth.*, 294 AD2d 471, 472 [2002]; *Schenk v Maloney*, 266 AD2d 199, 200 [1999]), and by her failure to move to vacate the note of issue within 20 days after service of the note of issue and certificate of readiness (*see* 22 NYCRR 202.21 [e]; *Owen v Lester*, 79 AD3d 992, 993 [2010]; *James v New York City Tr. Auth.*, 294 AD2d at 472; *Schenk v Maloney*, 266 AD2d at 200; *Williams v Long Is. Coll. Hosp.*, 147 AD2d 558, 559 [1989]). Here, more than one year after the note of issue was served and filed, and on the eve of trial, the defendant renewed her motion, inter alia, to compel the plaintiff to submit to an independent medical examination. While the Supreme Court may, in its discretion, permit additional discovery after the filing of a note of issue and certificate of readiness where the moving party demonstrates that "unusual or unanticipated circumstances" developed subsequent to the filing, requiring additional pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]), here, the defendant failed to offer any evidence of such unusual or unanticipated circumstances to justify relieving her of the consequences of her failure to conduct a timely medical examination of the plaintiff (*see Owen v Lester*, 79 AD3d at 993; *Manzo v City of New York*, 62 AD3d 964, 965 [2009]; *James v New York City Tr. Auth.*, 294 AD2d at

472; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 140 [2000]). Accordingly, that branch of the defendant's motion which was to compel the plaintiff to submit to an independent medical examination should have been denied. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.