GILBERTO ARROYO et al., Appellants, v JOHNNY LEONARDO PEREZ LACUESTA et al., Respondents. [34 NYS3d 148]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated July 30, 2015, as denied that branch of their motion which was pursuant to CPLR 3104 (d) to vacate so much of an order of the same court (Schneier, J.H.O.), dated July 8, 2015, as granted that branch of the defendants' motion which was to compel the plaintiff Gilberto Arroyo to appear for a medical examination by one of the defendants' designated orthopedists and by the defendants' designated neuropsychiatrist.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Judicial Hearing Officer (hereinafter the JHO) appointed by the Supreme Court to supervise discovery as a referee (*see* CPLR 3104) providently exercised his discretion in granting that branch of the defendants' motion which was to compel the plaintiff Gilberto Arroyo (hereinafter the injured plaintiff) to appear for certain medical examinations. Although the defendants waived their right to medical examinations of the injured plaintiff by failing to conduct them within the time period set forth in a compliance conference order and to move to vacate the note of issue within 20 days after service of the note of issue and certificate of readiness (*see* 22 NYCRR 202.21 [e]; *Gianacopoulos v Corona*, 133 AD3d 565 [2015]; *Owen v Lester*, 79 AD3d 992, 993 [2010]; *James v New York City Tr. Auth.*, 294 AD2d 471, 472 [2002]), under the particular circumstances of this case, including the absence of a showing of prejudice to the plaintiffs, the defendants were properly relieved of their

waiver (*see Jones v Grand Opal Constr. Corp.*, 64 AD3d 543, 544 [2009]; *Barbosa v Capolarello*, 52 AD3d 629 [2008]; *Kanterman v Palmiotti*, 122 AD2d 116 [1986]). The plaintiffs served a supplemental bill of particulars alleging continuing special damages and disabilities simultaneously with the service of the note of issue and certificate of readiness. This required additional pretrial proceedings to prevent substantial prejudice to the defendants (*see* 22 NYCRR 202.21 [d]; *Vargas v City of New York*, 4 AD3d 524, 525 [2004]; *Karakostas v Avis Rent A Car Sys.*, 306 AD2d 381, 382 [2003]; *McDowell v Eagle Trans. Corp.*, 303 AD2d 655, 656 [2003]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to vacate so much of the JHO's order as directed the injured plaintiff to appear for medical examinations by one of the defendants' designated orthopedists and by the defendants' designated neuropsychiatrist (*see* CPLR 3104 [d]; *Kingston v Breslin*, 38 AD3d 614, 615 [2007]; *Krygier v Airweld, Inc.*, 176 AD2d 701, 702 [1991]). Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.