City of New York v Anton (2019 NY Slip Op 01389)





City of New York v Anton


2019 NY Slip Op 01389


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-06715
 (Index No. 22863/08)

[*1]City of New York, appellant-respondent,
v
George Anton, et al., respondents-appellants.


Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Barbara Graves-Poller of counsel), for appellant-respondent.
Goldberg, Scudieri & Lindenberg, P.C., New York, NY (Robert H. Goldberg of counsel), for respondents-appellants.



DECISION & ORDER
In an action for ejectment and to recover damages for use and occupancy, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered April 11, 2018. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the amended complaint. The order, insofar as cross-appealed from, denied the defendants' cross motion to compel further discovery after the filing of the note of issue.
ORDERED that the order is reversed insofar as appealed from, on the law, and the plaintiff's motion for summary judgment on the amended complaint is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 1996, the defendant George Anton purchased a 34-foot, 1971 O & K Trojan motorboat (hereinafter the vessel) from nonparty Vinco Marina Management, Inc. (hereinafter Vinco). The vessel did not have an engine when it was purchased. At the time, the vessel was docked in Slip A01 at the World's Fair Marina (hereinafter WFM), Pier III, which is located on Flushing Bay in Flushing Meadow-Corona Park (hereinafter the subject slip). The vessel remains docked in the subject slip. George and his wife, the defendant Elena Anton, as well as, at times, their adult son, the defendant Edward Anton, use the vessel as a houseboat, their permanent residence.
The plaintiff, City of New York, owns WFM. Prior to 1999, Vinco maintained and managed WFM pursuant to a license agreement with the City. In 1999, the City terminated its license with Vinco and assumed operation of WFM. The City issues two types of dockage permits at WFM. One is a summer dockage permit which allows a permittee the temporary right to dock his or her vessel at the WFM for recreational purposes for the period of May 1st through October 31st. The other type is a winter dockage permit which allows the permittee the temporary right to store one's vessel at WFM from November 1st of one year through April 31st of the following year.
The City's regulations relating to the use of its marinas require that users obtain and pay for seasonal permits (see former 56 RCNY 3-06[a]) and provide that the issuance of a permit does not create a property right in favor of the permittee (see former 56 RCNY 3-06[i]). Vessels are only eligible for seasonal permits if they are seaworthy, operational, properly insured, and state- or federally-registered (see former 56 RCNY 3-06[c][i]; [d], [k]). Pursuant to the terms of the permits, no year-round permits are available at WFM, and regulations prohibit residential use of vessels docked there.
It is undisputed that the defendants' vessel, which is the only houseboat docked at WFM, is not operational, seaworthy, insured, or registered. The defendants have never obtained a permit from the City to occupy the subject slip. They nevertheless made payments through April 2007 to the City in amounts generally reflecting what they would have owed had seasonal permits been issued and for electricity usage. The City issued notices to the defendants since 2006, informing them that regulations prohibited residential use of docked vessels and required vessels to be operational and seaworthy at all times. In its notices, the City advised the defendants that noncompliance could result in the removal of their vessel from WFM. In 2007, the City ceased accepting any payments from the defendants.
Thereafter, on February 29, 2008, the City issued a formal "Notice of non-renewal of permit," notifying the defendants of the dockmaster's decision to act upon their noncompliance, demanding that they remove their vessel within 10 days, and describing the administrative procedures for challenging the dockmaster's decision (see former 56 RCNY 3-06[l]). The defendants responded by submitting a permit application with unilateral modifications purporting to exempt their vessel from insurance, registration, residency, and other requirements. The dockmaster denied the defendants' application, and on June 3, 2008, the City issued another formal notice of nonrenewal. The defendants again failed to challenge the decision administratively or remove their vessel from the marina.
The City thereafter commenced this action by summons and complaint dated September 10, 2008. In its first cause of action, for ejectment, the City sought a judgment directing the defendants to vacate and remove their vessel from the subject slip, and enjoining the defendants from interfering with the City's possession of that slip. The City also sought, in its second cause of action, a judgment assessing damages against the defendants for their use and occupancy of the subject slip from May 2007 through the date of removal by the defendants of their vessel from the subject slip.
After filing its note of issue, the City moved, inter alia, for leave to amend the complaint and, thereafter, for summary judgment on the amended complaint. In an order entered May 31, 2016, the Supreme Court, among other things, granted that branch of the City's motion which was for leave to amend the complaint but denied that branch of the City's motion which was for summary judgment on the amended complaint without prejudice and with leave to renew upon service of the defendants' answer to the amended complaint. After the defendants answered the amended complaint, the City again moved for summary judgment on the amended complaint. The defendants opposed the City's motion and cross-moved to compel the production of post-note of issue discovery. In an order entered April 11, 2018, the Supreme Court denied the City's motion and the defendants' cross motion. The City appeals from so much of the order as denied its motion, and the defendants cross-appeal from so much of the order as denied their cross motion.
To demonstrate entitlement to judgment on a cause of action for ejectment, a plaintiff must establish "(1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate" (RPAI Pelham Manor, LLC v Two Twenty Four Enters., LLC, 144 AD3d 1125, 1126). "The owner of uplands on a tidal, navigable waterway possesses riparian rights" which include the right to build a pier, dock, or wharf (Kearns v Thilburg, 76 AD3d 705, 707).
Here, the City established its prima facie entitlement to judgment as a matter of law with respect to its first cause of action, for ejectment, by demonstrating that it is the owner of the [*2]subject slip (see Town of Oyster Bay v Commander Oil Corp., 96 NY2d 566, 571), with a present or immediate right to possession thereof (see former 56 RCNY 3-06), and that the defendants are in possession of that property. The City also proffered evidence establishing the inapplicability of each of the defendants' affirmative defenses. With respect to the defendants' equal protection defense, the City submitted evidence that the defendants' vessel is the only uninsured, unregistered, unseaworthy, and inoperable vessel used as a houseboat at WFM, that there are no similarly uninsured, unregistered, unseaworthy, and inoperable vessels docked year-round at the City's marina located at the 79th Street Boat Basin, and that physical differences between the 79th Street Boat Basin and WFM justified allowing full-year occupancy at the former marina but not the latter (see e.g. Tilles Inv. Co. v Gulotta, 288 AD2d 303, 304-305).
Moreover, the City's evidence established its prima facie entitlement to judgment as a matter of law on its second cause of action, seeking damages for the defendants' use and occupancy of the subject slip, in the principal sum of $51,013.13, reflecting $27,302.00 in unpaid summer permit fees, $11,900.00 in unpaid winter permit fees, and $11,811.13 in unpaid electrical usage charges (see RPAPL 601; Matter of Neustein, 97 AD3d 684, 685).
In opposition, the defendants failed to raise a triable issue of fact. They did not identify a single uninsured, unregistered, unseaworthy, and inoperable vessel that the City treated differently than their vessel. They also failed to rebut the reasonableness of the City's proffered explanation for allowing vessels to dock year-round at the 79th Street Boat Basin as opposed to at WFM. With respect to the second cause of action, the defendants concede that the City has not accepted payment from them since January 2007.
Additionally, the Supreme Court providently exercised its discretion in denying the defendants' cross motion to compel further discovery after the City filed its note of issue. "The defendants' lack of diligence in investigating" facts relevant to their equal protection affirmative defense, which they asserted in both their original and amended answers, "does not constitute an unusual or unanticipated circumstance[ ] develop[ing] subsequent to the filing of [the] note of issue' which would warrant further discovery" (Eskenazi v Mackoul, 92 AD3d 828, 829, quoting 22 NYCRR 202.21[d]; see Gianacopoulos v Corona, 133 AD3d 565, 565-566; Silverberg v Guzman, 61 AD3d 955, 956).
Accordingly, the Supreme Court should have granted the City's motion for summary judgment on the amended complaint, but we agree with the court's determination to deny the defendants' cross motion to compel further discovery.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court