Roye v Gelberg (2019 NY Slip Op 04016)





Roye v Gelberg


2019 NY Slip Op 04016


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-01389
2017-02770
 (Index No. 25479/12)

[*1]Vinton Roye, etc., appellant,
v
Burt W. Gelberg, etc., et al., respondents.


Wallace & Associates, P.C., Brooklyn, NY (Larry Wallace of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondents Burt W. Gelberg and Burt W. Gelberg, M.D., P.C.
Perry, Van Etten, Rozanski & Primavera, LLP, Melville, NY (Elizabeth Gelfand Kastner and Douglas Perry of counsel), for respondent Franklin Hospital.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered November 28, 2016, and (2) an order of the same court entered March 9, 2017. The order entered November 28, 2016, insofar as appealed from, granted the motion of the defendant Franklin Hospital for summary judgment dismissing the complaint insofar as asserted against it. The order entered March 9, 2017, denied the plaintiff's motion pursuant to 22 NYCRR 202.21 to conduct additional discovery.
ORDERED that the order entered November 28, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered March 9, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
On July 15, 2011, the plaintiff's decedent, Thelma McGlashen (hereinafter the decedent), underwent a colonoscopy procedure performed by the defendant Burt W. Gelberg in the office of the defendant Burt W. Gelberg, M.D., P.C. (hereinafter together the Gelberg defendants). Gelberg perforated the decedent's colon during the procedure. He discovered the perforation while the decedent was still in the office, and directed her to the defendant Franklin Hospital (hereinafter the hospital) for repair surgery with nonparty Victor Taranto. The decedent went to the hospital, and Taranto performed repair surgery that same day. The decedent was discharged from the hospital to rehabilitation on August 3, 2011, although she was intermittently hospitalized over the next several months. She died at the hospital on January 20, 2012.
The plaintiff commenced the instant action to recover damages for medical [*2]malpractice and wrongful death against the Gelberg defendants and the hospital (hereinafter collectively the defendants). Following discovery, the hospital moved for summary judgment dismissing the complaint insofar as asserted against it. In an order entered November 28, 2016, the Supreme Court, inter alia, granted the hospital's motion, and the plaintiff appeals from that portion of the order. Subsequently, the plaintiff moved pursuant to 22 NYCRR 202.21 to conduct post-note of issue discovery. In an order entered March 9, 2017, the court denied the plaintiff's motion, and the plaintiff also appeals from that order.
The elements of a medical malpractice cause of action are "that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), with respect to at least one of those elements (see DiLorenzo v Zaso, 148 AD3d 1111, 1112; Cham v St. Mary's Hosp. of Brooklyn, 72 AD3d 1003, 1004). "In pursuance of its prima facie burden of proof, the moving defendant is required to address the factual allegations set forth in the plaintiff['s] bill of particulars with reference to the moving defendant's alleged acts of negligence and the injuries suffered with competent medical proof" (Cham v St. Mary's Hosp. of Brooklyn, 72 AD3d at 1005; see Grant v Hudson Val. Hosp. Ctr., 55 AD3d 874, 875). Once the defendant has made such a showing, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the prima facie showing made by the defendant, so as to demonstrate the existence of a triable issue of fact (see Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1289). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions," as "[s]uch credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d 517, 519). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84).
The hospital established its prima facie entitlement to judgment as a matter of law through, inter alia, an affirmation of its expert witness, a colon and rectal surgeon, which demonstrated that the care provided to the decedent by the hospital was within the accepted standard of care, and that its treatment of the decedent did not cause her claimed injuries or death (see Brinkley v Nassau Health Care Corp., 120 AD3d at 1290). Contrary to the plaintiff's contention, the hospital's evidentiary submission in support of its motion established, prima facie, that it was not liable for the alleged acts of negligence by Gelberg or Taranto, who were private attending physicians (see Doria v Benisch, 130 AD3d 777, 777-778; Tomeo v Beccia, 127 AD3d 1071, 1073; Zhuzhingo v Milligan, 121 AD3d 1103, 1106).
In opposition to the hospital's prima facie showing, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's purported expert was unsigned, and did not articulate his education, training, or familiarity with the applicable standard of care. Accordingly, the affirmation lacked probative value (see Galluccio v Grossman, 161 AD3d 1049, 1052; Lavi v NYU Hosps. Ctr., 133 AD3d 830, 831; Tsimbler v Fell, 123 AD3d 1009, 1009-1010; Mustello v Berg, 44 AD3d 1018, 1018-1019; Behar v Coren, 21 AD3d 1045, 1046-1047).
The Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to 22 NYCRR 202.21 for discovery subsequent to the filing of the note of issue. "To prevent substantial prejudice, the Supreme Court, in its discretion, may grant leave to conduct additional discovery after the filing of a note of issue and certificate of readiness where the moving party demonstrates that unusual or unanticipated circumstances' developed subsequent to the filing requiring additional pretrial proceedings" (Singh v 244 W. 39th St. Realty, Inc., 65 AD3d 1325, 1325, quoting 22 NYCRR 202.21[d]; see Gianacopoulos v Corona, 133 AD3d 565, 566; Blinds To Go [US], Inc. v Times Plaza Dev., L.P., 111 AD3d 775, 775; Singh v Finneran, 100 AD3d 735, 736; Wigand v Modlin, 82 AD3d 1213, 1213; Owen v Lester, 79 AD3d 992, 993; Tirado v Miller, 75 AD3d 153, 157; Audiovox Corp. v Benyamini, 265 AD2d 135, 139-140).
Here, the plaintiff did not demonstrate any unusual or unanticipated circumstances [*3]that would warrant allowing him to depose Gelberg for a third time. With respect to the remaining discovery requested by the plaintiff, the good faith affirmation of his attorney, submitted pursuant to 22 NYCRR 202.7, did not refer to any communications between the parties that would evince a diligent effort by the plaintiff to resolve the discovery dispute, and was therefore insufficient (see Murphy v County of Suffolk, 115 AD3d 820, 820; Mironer v City of New York, 79 AD3d 1106, 1107-1108; Chervin v Macura, 28 AD3d 600, 602).
The plaintiff's remaining contentions are without merit.
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court