McBride v City of New York (2022 NY Slip Op 04909)

McBride v City of New York

2022 NY Slip Op 04909

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2019-13799
 (Index No. 6477/17)

[*1]Patrick McBride, appellant, 
v
City of New York, respondent. 

Jonah Grossman, Jamaica, NY (Lawrence B. Lame of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Kevin Osowski of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered September 24, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3124 to compel the plaintiff to appear for an independent medical examination.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (Provident Life & Cas. Ins. Co. v Brittenham, 284 AD2d 518, 518; see Encalada v Riverside Retail, LLC, 175 AD3d 467, 469). Here, even though the defendant waived its right to conduct an independent medical examination of the plaintiff by failing to identify the examining physician within the time prescribed by a prior order and a stipulation, under the particular circumstances of this case, including the absence of a showing of prejudice to the plaintiff, the defendant was properly relieved of its waiver (see Arroyo v Lacuesta, 140 AD3d 994, 994-995; Barbosa v Capolarello, 52 AD3d 629; Venia v 18-05 215th St. Owners, 288 AD2d 463, 464; see also Andujar v Boyle, 190 AD3d 900, 901-902). Thus, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was pursuant to CPLR 3124 to compel the plaintiff to appear for an independent medical examination.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court