Armor v 501 EMR, LLC (2025 NY Slip Op 02302)

Armor v 501 EMR, LLC

2025 NY Slip Op 02302

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-05270
 (Index No. 514961/20)

[*1]Termain Armor, respondent, 
v
501 EMR, LLC, et al., appellants.

Baker Greenspan & Bernstein, Bellmore, NY (Robert L. Bernstein, Jr., of counsel), for appellants.
Hecht, Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rachel E. Freier, J.), dated April 20, 2023. The order denied the defendants' motion to compel the plaintiff to submit to a physical examination and provide authorizations to obtain certain records related to a prior motor vehicle accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he tripped and fell on a sidewalk defect abutting property owned by the defendant 501 EMR, LLC. Issue was joined and discovery was conducted. A note of issue was filed by the plaintiff on October 11, 2022. The defendants did not move to vacate the note of issue. In April 2023, the defendants moved to compel the plaintiff to submit to a physical examination and provide authorizations to obtain certain records related to a prior motor vehicle accident. In an order dated April 20, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
The defendants waived their right to conduct a physical examination of the plaintiff by failing to arrange such examination within the time period set forth in prior orders, and by failing to move to vacate the note of issue within 20 days after service of the note of issue and certificate of readiness (see Arroyo v Lacuesta, 140 AD3d 994, 994; Gianacopoulos v Corona, 133 AD3d 565, 565). Although further discovery after the note of issue is filed will be permitted if a defendant can demonstrate that "unusual or unanticipated circumstances" developed subsequent to the filing of the note of issue which required additional discovery to prevent substantial prejudice (22 NYCRR 202.21[d]; see Sullivan v R & J Mobility Serv., Inc., 214 AD3d 839, 841; Roye v Gelberg, 172 AD3d 1260, 1262), here, the defendants submitted no evidence of unusual or unanticipated circumstances.
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendants' motion to compel the plaintiff to submit to a physical examination and provide authorizations to obtain certain records related to a prior motor vehicle accident (see Roye v Gelberg, 172 AD3d at 1262; City of New York [*2]v Anton, 169 AD3d 999, 1002; Silverberg v Guzman, 61 AD3d 955, 956).
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court