■ DELORES ELLIS, Respondent, v BROOKDALE HOSPITAL

MEDICAL CENTER et al., Appellants, et al., Defendants. (And a Third-Party Action.)—In a medical malpractice action to recover damages for personal injuries, etc., the appeal is from an order of the Supreme Court, Kings County (Pizzuto, J.), dated April 9, 1987, which denied the appellants' motion to depose Delores Ellis.

Ordered that the order is affirmed, with costs.

The complaint in this medical malpractice action alleges, *inter alia,* that the infant plaintiff suffered brain damage and mental retardation, *inter alia,* as a result of the appellants' negligent obstetrical and prenatal care. The infant's mother, Gloria Ellis, commenced the instant action on behalf of the infant and on behalf of herself individually. It is not disputed that pretrial discovery, including depositions of the mother and infant, were completed when the plaintiff served a note of issue and statement of readiness in April of 1985. Subsequently, the mother died and the maternal grandmother, as the administratrix of the deceased's estate and legal guardian of the infant, was substituted as the party plaintiff. Prior to the substitution, the appellants never sought to depose the maternal grandmother as a nonparty witness upon a showing of special circumstances *(see,* CPLR 3101 [a] [4]).

CPLR 3101 (a) (1) provides that there shall be full disclosure of all evidence "material and necessary" in the defense of an action by a party. "Where unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial proceedings *to prevent substantial prejudice,* the court, upon motion supported by affidavit, may grant permission to conduct such necessary proceedings" (22 NYCRR 202.21 [d] [emphasis supplied]).

Upon reviewing the record, we find that the court did not abuse its discretion in denying the appellants' motion to depose the substituted plaintiff. Denying the appellants an opportunity to depose the substituted plaintiff, where the deceased mother and infant were fully deposed, would not prejudice the appellants. Mollen, P. J., Rubin, Kooper and Spatt, JJ., concur.