■ COLONIAL FUNDING CORP., Appellant-Respondent, v BON JOUR INTERNATIONAL, LTD., Respondent-Appellant.—In an action, *inter alia,* for replevin of two embroidery machines, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 22, 1989, which denied its pretrial motion to compel the defendant to permit inspection of the embroidery machines; and the defendant separately appeals from an order of the same court (Cohalan, J.), dated October 18, 1989, which, during a new trial on the issues of damages and counsel fees, directed that the plaintiff, by its expert or expert witnesses, be permitted to inspect the embroidery machines, and declared a mistrial.

Ordered that the order dated August 22, 1989 is reversed, on the facts and as a matter of discretion, and the motion is granted; and it is further,

Ordered that the defendant's appeal from the order dated October 18, 1989 is dismissed as academic; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

We conclude that the plaintiff's pretrial motion to compel the defendant to permit its expert to inspect the two embroidery machines which are the subject of this action should have been granted. The requested inspection is necessary in order to permit the plaintiff an opportunity to establish at the retrial on the issue of damages the value of the machines as well as their fair market rental value *(see, Colonial Funding Corp. v Bon Jour Intl.,* 148 AD2d 654). In view of the unique procedural circumstances of this case, we conclude that the plaintiff established that "unusual [and] unanticipated circumstances develop[ed]" subsequent to the filing of the statement of readiness warranting this further pretrial discovery (22 NYCRR 202.21 [d]; *see also, Di Maria v Coordinated Ranches,* 114 AD2d 397; *Gerardi v Incorporated Vil. of Val. Stream,* 111 AD2d 741). Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.