[707 NYS2d 137]

AUDIOVOX CORPORATION, Respondent, v BENYAMIN BENYAMINI, Appellant.

Second Department, April 17, 2000

## APPEARANCES OF COUNSEL

*Alan D. Levine,* Kew Gardens, for appellant.

*Shalov Stone & Bonner,* New York City (*Lee S. Shalov* of counsel), for respondent.

## OPINION OF THE COURT

FEUERSTEIN, J.

On this appeal we are called upon to determine to what extent a litigant is entitled to discovery after a note of issue has been filed and to clarify the applicable standards for obtaining such discovery (*see,* 22 NYCRR 202.21 [d], [e]).

## I

On or about July 30, 1995, the plaintiff commenced this action to enforce a personal guarantee allegedly executed by the defendant on behalf of a company called Beta Sound of Music (hereinafter Beta). Issue was joined on September 7, 1995. On June 18, 1996, the Supreme Court issued a preliminary conference order pursuant to which the defendant agreed to provide certain discovery, including handwriting exemplars. The defendant failed to comply with the order, and at a conference on December 12, 1997, he was again directed to provide the discovery.

On January 12, 1998, the Supreme Court issued an order certifying that the case was ready for trial. The order directed the plaintiff to serve and file a note of issue within 90 days. On February 3, 1998, the plaintiff complied with the court's directive and filed a note of issue and certificate of readiness. The certificate of readiness noted that all discovery was complete, except for the discovery that the defendant was previously directed to produce, which was the subject of a motion to compel pending before the court. There is no dispute that the defendant was served with the note of issue on or before the date it was filed. By order dated February 3, 1998, the same day the note of issue was filed, the court granted the plaintiff's motion to compel and directed the defendant to produce the documents set forth in the preliminary conference order within 20 days after service of a copy of the order dated February 3, 1998, upon the defendant's counsel. The court also warned that "further failures to comply with the court's orders will be deemed wilful and may result in dismissal."

On or about February 11, 1998, the plaintiff served the order dated February 3, 1998, upon the defendant. The defendant's

attorney responded by letter dated March 12, 1998, stating, *inter alia,* that, other than his personal financial statement, the defendant had no other documents responsive to the plaintiff's demands. The defendant also served a notice for discovery and inspection upon the plaintiff seeking four separate categories of documents, including the "complete credit file" maintained by the plaintiff for the Beta account and the names and addresses of all employees involved with the Beta account.

In reply, the plaintiff's attorney, by letter dated March 16, 1998, objected to the form and content of the defendant's March 12, 1998, "response" to the outstanding discovery demands. The plaintiff's attorney asserted that if certain documents did not exist, the defendant needed to provide a detailed affidavit explaining why "each such document was never made or was destroyed." Further, the plaintiff's attorney rejected the notice of discovery and inspection as untimely and requested written confirmation that it would be withdrawn.

After the plaintiff's attorney attempted to contact the defendant's attorney by telephone and received no response, he moved by order to show cause, *inter alia,* pursuant to CPLR 3103, to strike the notice of discovery and inspection. In his affirmation in support of the motion, the plaintiff's attorney asserted that the notice for discovery and inspection was improper because it was served after the note of issue had been filed. He also claimed that the defendant had ignored the court's repeated orders to provide discovery or to provide a detailed affidavit explaining the nonexistence of the requested documents.

The defendant's attorney submitted an affirmation in opposition and asserted that the notice for discovery and inspection was proper because at a conference before the court on December 19, 1997, he indicated that he was conducting an "investigation" regarding inconsistencies between the deposition testimony of the plaintiff's president and the plaintiff's credit files. Therefore, the defendant's attorney argued, further discovery was contemplated by the parties. The defendant's attorney further stated that his investigation had uncovered information from a former employee of the plaintiff which "strongly indicated" that the deposition testimony of the plaintiff's president was incomplete and possibly false. Accordingly, the documents requested from the plaintiff were "absolutely essential" to the defense of the action.

By order entered July 6, 1998, the Supreme Court, *inter alia,* granted that branch of the plaintiff's motion which was to strike the defendant's notice of discovery and inspection.

## II

After the filing of a note of issue, there are two separate and distinct methods to obtain further disclosure. The first, pursuant to the Uniform Rules for Trial Courts (hereinafter the Uniform Rules) (22 NYCRR) § 202.21 (d), provides, in pertinent part: "Where unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice, the court, upon motion supported by affidavit, may grant permission to conduct such necessary proceedings." The second, pursuant to 22 NYCRR 202.21(e), provides, in pertinent part: "[w]ithin 20 days after service of a note of issue and certificate of readiness, any party to the action or special proceeding may move to vacate the note of issue, upon affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in some material respect."

Obviously, the more difficult standard is that provided by 22 NYCRR 202.21 (d) because it requires the movant to demonstrate unusual or unanticipated circumstances *and* substantial prejudice, whereas a timely motion to vacate the note of issue pursuant to 22 NYCRR 202.21 (e) need only demonstrate in what respects the case is not ready for trial. Another important distinction is that under 22 NYCRR 202.21 (e) the court may vacate the note of issue, while under subsection (d) the court does not have that discretion. In prior decisions, this Court has held that the "unusual or unanticipated circumstances" standard is not met where the defendant seeks a further physical examination of the plaintiff because the defendant is merely dissatisfied with the original doctor's diagnosis (*see, Frangella v Sussman,* 254 AD2d 391, 392), where the movant has failed to demonstrate substantial prejudice if the additional discovery is not allowed (*see, Futersak v Brinen,* 265 AD2d 452; *Ellis v Brookdale Hosp. Med. Ctr.,* 133 AD2d 806, 807), or where the movant has failed to allege that the plaintiff suffered new or additional injuries or that the nature and extent of the plaintiff's existing injuries changed dramatically (*see, Schenk v*

*Maloney,* 266 AD2d 199). On the other hand, where the movant suddenly discovers that he was under surveillance (*see, Keelan v Schubart,* 192 AD2d 511), where opposing counsel's obstructionist actions at the first physical examination prevented a complete examination of the plaintiff (*see, Keane v Ranbar Packing,* 121 AD2d 601), or where a retrial on the issue of damages necessitated the inspection of embroidery machines in order to determine their fair market value (*see, Colonial Funding Corp. v Bon Jour Intern.,* 157 AD2d 818), this Court has held that the "unusual or unanticipated circumstances" standard had been met and allowed further discovery after the note of issue has been filed. The common thread in the cases allowing further discovery is some occurrence after the filing of a note of issue that is not in the control of the party seeking further discovery and which causes actual rather than potential prejudice.

While 22 NYCRR 202.21 (d) and (e) clearly indicate two separate methods for seeking discovery after the filing of a note of issue, our prior decisions have merged and overlapped those standards, or have created standards not found in the Uniform Rules. In *Stella v Ahmed* (223 AD2d 698), this Court indicated that to obtain discovery after the filing of a note of issue a party must move to vacate the note of issue within 20 days *and* "demonstrate that unusual and unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness which requires pretrial proceedings to prevent substantial prejudice" (*Stella v Ahmed, supra,* at 698; *see also, Fox Co. v Sleicher,* 186 AD2d 537). That decision appears to have merged the separate standards found under 22 NYCRR 202.21 (d) and (e) and is contrary to the Uniform Rules. If a party moves to vacate the note of issue within 20 days of its filing there is no requirement in 22 NYCRR 202.21 (e) that the movant demonstrate "unusual or unanticipated circumstances." The only requirement is that the movant submit an affidavit demonstrating why the case is not ready for trial. Moreover, there is a line of cases which state that the movant must demonstrate "good cause" *or* "unusual or unanticipated circumstances" in order to obtain discovery pursuant to 22 NYCRR 202.21 (d) (*see, Osamwonyi v Grigorian,* 220 AD2d 400; *Lyons v Saperstein,* 202 AD2d 401; *Davidian v County of Nassau,* 152 AD2d 617). There is, however, no provision for a "good cause" standard under 22 NYCRR 202.21 (d).

The Uniform Rules set forth two separate and distinct methods for obtaining discovery after a note of issue is filed. If

a party moves within 20 days of the filing to vacate the note of issue, that party must demonstrate only the less stringent standard for vacatur of the note of issue pursuant to 22 NYCRR 202.21 (e). However, if the party seeking discovery moves to compel such discovery after the 20-day period provided by 22 NYCRR 202.21 (e) has expired, the more stringent standard under 22 NYCRR 202.21 (d) must be met.

### III

Applying the above rules to the facts of this case, it is undisputed that the defendant did not move to vacate the note of issue within 20 days of its filing. Accordingly, the defendant was required to demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness which required additional discovery to prevent substantial prejudice (*see,* 22 NYCRR 202.21 [d]). Here, the defendant submitted no evidence of unusual or unanticipated circumstances. Indeed, there is no reason why the discovery sought could not have been requested before the filing of the note of issue. Issue was joined in 1995, a preliminary conference order was issued in 1996, and, inexplicably, the case was certified as ready for trial, with the consent of the defendant's attorney, on January 12, 1998. The defendant's assertion that his attorney's recent "investigation" revealed inconsistencies in the deposition testimony of the plaintiff's president is unpersuasive because the defendant failed to explain why his attorney's "investigation" was not conducted earlier in the discovery process. To the contrary, the record establishes dilatory conduct by the defendant's attorney throughout the discovery process. We need not address the second prong of the standard under 22 NYCRR 202.21 (d), i.e., substantial prejudice to the movant, because the defendant has not established the first prong—that "unusual or unanticipated circumstances" developed subsequent to the filing of the note of issue.

Accordingly, the defendant did not meet his burden under 22 NYCRR 202.21 (d) and the order must be affirmed insofar as appealed from.

O'BRIEN, J. P., SULLIVAN, GOLDSTEIN and LUCIANO, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs.