OPINION OF THE COURT
Memorandum.
On the court’s own motion, the appeals are consolidated for purposes of disposition.
Appeal from order entered March 1, 2002 dismissed. Although the motion is denominated as a motion to renew and reargue, it is, in substance, a motion to reargue, the denial of which is not appealable (Roman v Konis, 254 AD2d 269 [1998]).
Order entered August 15, 2001 affirmed without costs.
The defendants failed to submit any evidence in admissible form in support of their contention that the Supreme Court struck the note of issue when it marked this case off the trial calendar prior to its removal to Civil Court. A case marked off the calendar does not automatically result in the vacatur of the note of issue (Basetti v Nour, 287 AD2d 126, 132 [2001]).
Inasmuch as the note of issue had not been vacated, the defendants were required to demonstrate that “unusual or unanticipated” circumstances or conditions arose subsequent to the filing of the note of issue which required additional discovery to prevent substantial prejudice (Audiovox Corp. v Benyamini, 265 AD2d 135 [2000]; Uniform Civil Rules for Sup Ct and County Ct [22 NYCRR] § 202.21 [d]; Uniform Rules for NY City Civ Ct [22 NYCRR] §208.17 [d]). The lack of complete discovery due to the passage of time cannot be considered such a circumstance. At some point, the discovery process must end. It is noted, incidentally, that the defendants will have an opportunity at the time of trial to subpoena the witnesses whose deposition testimony is now sought.
The court below properly found that the defendants submitted no evidence of “unusual or unanticipated” circumstances, and therefore failed to meet their burden (see Audiovox Corp. v Benyamini, 265 AD2d 135 [2000], supra). It is, therefore, unnecessary for this court to address the issue of whether the defendants were substantially prejudiced.