Golia, J.
(dissenting in part and concurring in part). While I *119 am in agreement with the consolidation of the two appeals for purposes of disposition and with the dismissal of the appeal from the order entered March 1, 2002, I am of the opinion that the order entered August 15, 2001 should be modified by providing that the defendants’ motion should be granted to the extent of compelling plaintiffs to comply with the defendants’ discovery demands.
This is a medical malpractice case involving an infant who, it is alleged, during his birth and delivery in 1989, sustained, inter alia, injury to his brain, manifested by cerebral palsy. It is my opinion that this case represents one of those rare instances where the standard of “unusual and unanticipated” circumstances has been met, warranting the granting of defendants’ motion to the extent of compelling discovery (Uniform Civil Rules for Sup Ct and County Ct [22 NYCRR] § 202.21 [d]; Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.17 [d]).
“The common thread in the cases allowing further discovery is some occurrence after the filing of a note of issue that is not in the control of the party seeking further discovery and which causes actual rather than potential prejudice” (Audiovox Corp. v Benyamini, 265 AD2d 135, 139 [2000]). While the long passage of time and lengthy delays in this case would not ordinarily warrant the granting of further disclosure, these factors, when considered with the nature of the injuries alleged, the age of the infant plaintiff and the developmental changes which, theoretically, he should have experienced since the filing of the note of issue, together present such “unusual or unanticipated” circumstances which will result in actual prejudice to the defendants, as to justify the granting of the disclosure requested by the defendants.
Pesce, P.J., and Aronin, J., concur; Golia, J., dissents in part and concurs in part in a separate memorandum.