OPINION OF THE COURT
Memorandum.
Order entered September 16, 2004, insofar as appealed from, unanimously reversed without costs and third-party defendant’s cross motion to compel plaintiff to submit to an additional deposition and physical examination granted to the extent of directing plaintiff to submit to an additional deposition limited to the circumstances surrounding his back surgery within 45 days of the order entered hereon, and to a physical examination within 45 days of the completion of said deposition.
Appeal from order entered October 14, 2004 unanimously dismissed.
In this action to recover damages for personal injuries sustained by plaintiff in 1996, a notice of trial was filed in July of 2003. In May of 2004, just prior to the scheduled trial date, the trial was adjourned until September of 2004, since plaintiff was to undergo back surgery in Texas at the beginning of June. Prior to the September trial date, plaintiff successfully moved for the issuance of an open commission permitting him to take an out-of-state videotaped deposition of the doctor who had performed the back surgery. Third-party defendant cross-moved for an order striking the case from the trial calendar and, in effect, seeking to compel plaintiff to submit to an additional deposition and medical examination. The court granted the cross motion to strike to the extent that it extended the trial date, but denied further discovery.
Where a moving party demonstrates that “unusual or unanticipated” conditions have developed after the filing of a notice of trial which make it necessary that further pretrial examinations or proceedings be conducted in order to prevent undue prejudice to the movant, the trial court may, in its discretion, grant permission to conduct such additional discovery (see 22 NYCRR 208.17 [d]; see generally 22 NYCRR 202.21). In our *72 opinion, under the circumstances of this case, the Civil Court improvidently exercised its discretion in denying that branch of third-party defendant’s motion which sought to conduct further discovery of plaintiff. Plaintiff’s back surgery presented such “unusual or unanticipated” conditions as would justify additional discovery inasmuch as it was “not in the control of the party seeking further discovery and . . . [caused] actual rather than potential prejudice” to third-party defendant (Audiovox Corp. v Benyamini, 265 AD 2d 135, 139 [2000]). Accordingly, third-party defendant should be permitted to conduct a physical examination and deposition of plaintiff, to be completed within 90 days of the date of this order. Said deposition is limited in scope to the circumstances surrounding the back surgery, which was performed on June 2, 2004, and plaintiff may not be questioned regarding any matters prior to that date, which have already been the subject of prior depositions.
Pesce, PJ., Patterson and Rios, JJ., concur.