| Contona v Godas |
| --- |
| 2019 NY Slip Op 35075(U) |
| January 31, 2019 |
| Supreme Court, Nassau County |
| Docket Number: Index No. 608451/16 |
| Judge: Denise L. Sher |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**SHORT FORM ORDER**

SUPREME COURT OF THE STATE OF NEW YORK

PRESENT: HON. DENISE L. SHER
Acting Supreme Court Justice

|  |  |
|---|---|
| ANTOINETTE CONTONA, | TRIAL/IAS PART 32<br>NASSAU COUNTY |
| Plaintiff, | Index No.: 608451/16<br>Motion Seq. No.: 01<br>Motion Date: 11/30/18 |
| - against - | |
| MARIA G. GODAS and JOANNE GODAS, | |
| Defendants. | |

**The following papers have been read on this motion:**

| | Papers Numbered |
|---|---|
| Order to Show Cause, Affirmation and Exhibits | 1 |
| Affirmation in Opposition | 2 |
| Reply Affirmation | 3 |

Upon the foregoing papers, it is ordered that the motion is decided as follows:

Defendants move, pursuant to 22 NYCRR 202.21(e), for an order striking plaintiff's Note of Issue and Certificate of Readiness and removing this action from the trial calendar; and move for an order staying this action pending the completion of outstanding discovery. Plaintiff opposes the motion.

The instant action was brought to recover for personal injuries allegedly sustained by plaintiff on March 20, 2016, when she tripped and fell on the sidewalk at defendants' premises, 1064-B North Broadway, Massapequa, County of Nassau, State of New York.

[* 1]

Plaintiff commenced the action with the filing and service of a Summons and Verified Complaint on or about November 2, 2016. *See* Defendants' Affirmation in Support Exhibit A. Issue was joined on or about December 29, 2016. *See* Defendants' Affirmation in Support Exhibit B.

In support of the motion, counsel for defendants submits, in pertinent part, that, "[a]t the November 14, 2017, compliance conference, counsel for the Plaintiff advised the attorney for Defendants and the Court that Plaintiff was still undergoing treatment as a result of the injuries she allegedly sustained in the accident that occurred on March 20, 2016. At that conference, Defendants reserved the right to conduct an Independent Medical Examination (hereinafter 'IME') within forty-five (45) days of Plaintiff completing treatment.... On February 27, 2018, the parties appeared for another compliance conference before Justice Sher. At the conference, (*sic*) parties advised the Court that Plaintiff was still treating and that the IME has (*sic*) not been conducted. Justice Sher directed Defendants to proceed with the IME notwithstanding the fact that the Plaintiff was still undergoing treatment. On March 14, 2018, the IME of Plaintiff was conducted. On March 20, 2018, a certification conference was held, and a certification Order was issued directing Plaintiff to file her Note of Issue on or before August 20, 2018.... On June 18, 2018, Plaintiff filed a Note of Issue in this action.... On or about September 23, 2018 (nearly three (3) months after filing of the Note of Issue), counsel for Plaintiff contacted the undersigned to advise that Plaintiff was set to undergo a second surgery on her foot which was scheduled to take place on October 25, 2018. Moreover, on or about November 3, 2018, counsel for Plaintiff contacted the undersigned to advise that Plaintiff did not undergo a surgery on October 25, 2018, and it was re-scheduled to December. We expect that additional medical records will be required

-2-

[* 2]

to be processed, as well as a supplemental deposition and IME of the Plaintiff in order to determine what additional treatment she has received. It is expected that the parties will not be able to proceed with the supplemental deposition and IME of the Plaintiff until such time as she firmly concludes treatment.... As Plaintiff still continues to undergo treatment in connection with the injuries allegedly sustained as a result of her alleged March 20, 2016 accident, there is outstanding discovery which prevents this action from proceeding to trial as Defendants are entitled to an opportunity to prepare an appropriate defense of this matter, require an opportunity to conduct a supplemental deposition, and require a supplemental IME of the Plaintiff." *See* Defendants' Affirmation in Support Exhibits A-F.

Counsel for defendants adds that, "[i]n the case at hand, Plaintiff filed a Note of Issue on or about June 18, 2018 attesting that the case was ready for trial.... However, at the time of the filing of the Note of Issue Plaintiff was still continuing treatment and as a result, Plaintiff was scheduled to undergo an additional surgery on October 25, 2018. Knowing that Plaintiff was still treating and that additional discovery would be required, Plaintiff still proceeded to file the Note of Issue and in (*sic*) the Certificate of Readiness indicating that the case is ready for trial. Since additional items of discovery remain outstanding, the Note of Issue should be vacated in order for Defendants to complete discovery, as proceeding to trial will cause prejudice to the Defendants in preparing an adequate defense in this matter." *See* Defendants' Affirmation in Support Exhibit F.

In opposition to the motion, counsel for plaintiff submits, in pertinent part, that, "[d]efendants' 'Affirmation in Support' accurately sets forth that plaintiff is still undergoing treatment to the left foot, for injuries claimed to be related to incident which is the subject of this

-3-

[* 3]

litigation. Defendants further accurately set forth that I contacted counsel for defendants on or about September of 2018 with respect to discussing plaintiff's plans for surgery, at that time anticipated to be performed on October 25, 2018. That anticipated date for surgery was canceled due to, upon information and belief, discovery of deep vein thrombosis within plaintiff's leg. Thereafter, I contacted counsel for defendants to inform them that the surgery was being rescheduled and was anticipated for some time in December. Upon information and belief, no dates were available for the procedure in December and the procedure has been tentatively scheduled for February 5, 2019. That February date has not yet been confirmed to plaintiff by all of the medical providers necessary to move forward with the procedure. As a preliminary matter, in the event the plaintiff undergoes the anticipated surgery, plaintiff does not have any objection to consenting to a further deposition, limited to new treatment and matters not previously covered at her previous examination. Furthermore, and in the event plaintiff undergoes the anticipated surgery, plaintiff has no objection to consenting to a further defense medical examination. Should plaintiff undergo the anticipated surgery, plaintiff would respectfully leave it to the Court to decide whether the additional discovery could not be performed expeditiously without the need for vacating plaintiff's Note of Issue. However, the defendant's motion is respectfully premature. Plaintiff has not in fact undergone the aforementioned surgical procedure as of the date of this Order to Show Cause, and thus there is no compelling reason at this time to vacate plaintiff's Note of Issue and Certificate of Readiness. The defendants' entitlement to additional items of outstanding discovery, as outlined within the defendants' 'Affirmation in Support', are anticipated and hypothetical at the present time, warranting denial of their motion."

-4-

[* 4]

A Note of Issue may be vacated pursuant to New York Court Rules § 202.21(e) if the following circumstances are present:

> Within 20 days after service of a note of issue and certificate of readiness, any party to the action or special proceeding may move to vacate the note of issue, upon affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in any material respect....After such period,...no such motion shall be allowed except for good cause shown. At any time, the court on its own motion may vacate a note of issue if it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in some material respect.

That is, a timely motion to vacate the Note of Issue pursuant to 22 NYCRR § 202.21(e) need only demonstrate in what respects the case is not ready for trial. *See Mosley v. Flavius*, 13 A.D.3d 346, 785 N.Y.S.2d 742 (2d Dept. 2004); *Audiovox Corp. v. Benyamini* 265 A.D.2d 135, 707 N.Y.S.2d 137 (2d Dept. 2000). However, if the party seeking discovery moves to compel such discovery after the twenty (20) day period provided by 22 NYCRR 202.21(e) has expired, the more stringent standard under 22 NYCRR 202.21(d) requiring the movant to demonstrate unusual or unanticipated circumstances *and* substantial prejudice must be met.

In the instant matter, defendants' motion to vacate the Note of Issue was not made within twenty (20) days after service of the Note of Issue and Certificate of Readiness. However, the Court finds that defendants have demonstrated unanticipated circumstances *and* substantial prejudice in support of their request to vacate the Note of Issue. The Court notes that the instant matter is currently calendared before the Central Jury Part on February 19, 2019. Defendants would be prejudiced if ordered to proceed to jury selection on said date without having the discovery detailed above if plaintiff does indeed have the additional surgery.

-5-

[* 5]

Accordingly, the branch of defendants' motion, pursuant to 22 NYCRR 202.21(e), for an order vacating plaintiff's Note of Issue and Certificate of Readiness and striking this action from the trial calendar, is hereby **GRANTED**. And it is further

**ORDERED** that plaintiff shall file a Note of Issue in the instant matter by **April 1, 2019**. A Copy of this Order must accompany the Note of Issue. If, by April 1, 2019, there still remains outstanding discovery pertaining to an additional surgery for plaintiff, counsel for the parties are advised to contact Chambers with respect to same.

The branch of defendants' motion for an order staying this action pending the completion of outstanding discovery, is hereby **DENIED**.

This constitutes the Decision and Order of this Court.

ENTER:

DENISE L. SHER, A.J.S.C.

Dated: Mineola, New York
January 31, 2019

ENTERED

FEB 11 2019

NASSAU COUNTY
COUNTY CLERK'S OFFICE

-6-

[* 6]