Nationstar Mtge., LLC v Ghaness (2023 NY Slip Op 02523)

Nationstar Mtge., LLC v Ghaness

2023 NY Slip Op 02523

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-06638
 (Index No. 4521/10)

[*1]Nationstar Mortgage, LLC, appellant, 
v
Chitrowtie Ghaness, respondent, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for appellant.
David J. Broderick, P.C. (Kenneth R. Berman, Forest Hills, NY, of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated September 9, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendant Chitrowtie Ghaness which were to vacate the note of issue and an order of the same court dated October 3, 2017.
ORDERED that the order dated September 9, 2019, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the motion of the defendant Chitrowtie Ghaness which were to vacate the note of issue and the order dated October 3, 2017, are denied.
In February 2010, the plaintiff's predecessor in interest commenced this mortgage foreclosure action against Chitrowtie Ghaness, among others. In December 2010, the law firm of Knuckles, Kominski & Elliot was substituted as the attorney of record for the plaintiff's predecessor. In July 2014, the law firm of Sandelands Eyet, LLP (hereinafter the Sandelands firm), filed a "Notice of Appearance as Co-Counsel" for the plaintiff's predecessor, a copy of which was served upon Ghaness's attorney. From that time on, the Sandelands firm took the lead in representing the plaintiff's predecessor and then the plaintiff, and handled virtually all matters relating to this
foreclosure action. In March 2016, the Sandelands firm filed a note of issue. After Ghaness's answer was stricken for failure to appear at a court conference and an inquest was scheduled, the Supreme Court, in an order dated October 3, 2017, cancelled the inquest and directed the submission of an order of reference. On July 19, 2018, the court issued an order of reference.
In May 2019, Ghaness moved to "[v]acat[e] all orders" on the ground that the Sandelands firm was never the plaintiff's attorney of record and therefore lacked authority to "file any papers . . . make appearances [or] speak to the Court" in this action. In an order dated September 9, 2019, the Supreme Court granted Ghaness's motion to the extent of vacating the note of issue and the order dated October 3, 2017. The plaintiff appeals.
Generally, "absent special circumstances, there may be only one attorney of record for a party in a single action" (Matter of Cassini, 182 AD3d 13, 41). However, deciding whether to allow a party to be represented by more than one counsel in an action is "a matter within the [*2]discretion of the trial court" (Chemprene, Inc. v X-Tyal Int. Corp., 55 NY2d 900, 901; see Ferrari v National Football League, 153 AD3d 1589, 1594).
Here, Ghaness failed to identify any prejudice suffered by her as a result of any dual representation of the plaintiff (see Nationstar Mtge., LLC v Mandel, 208 AD3d 668, 669-670; Diamadopolis v Balfour, 152 AD2d 532, 534). Moreover, in light of Ghaness's unexplained delay in making the motion to "vacat[e] all orders," the doctrine of laches provides a further basis for denying her motion (see generally St. Barnabas Hosp. v New York City Health & Hosps. Corp., 7 AD3d 83, 94-95; Natiello v Natiello, 209 AD2d 389, 389; Talvy v American Red Cross in Greater N.y., 205 AD2d 143, 153-154, affd 87 NY2d 826; Thomas Supply & Equip. Co. v White Fathers of Africa, Inc., 53 AD2d 607). Ghaness did not object to the Sandelands firm's participation in this action when the firm filed the note of issue, or when it submitted a motion for summary judgment and an order of reference, or at any other time until more than four years after the firm filed its notice of appearance.
Thus, it was an improvident exercise of discretion for the Supreme Court to grant those branches of Ghaness's motion which were to vacate the note of issue and the order dated October 3, 2017.
The parties' remaining contentions are either academic in light of our determination or without merit.
Accordingly, we reverse the order insofar as appealed from and deny those branches of Ghaness's motion which were to vacate the note of issue and the order dated October 3, 2017.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court