Echavarria v Rego Park Gardens Owners, Inc. (2025 NY Slip Op 04229)

Echavarria v Rego Park Gardens Owners, Inc.

2025 NY Slip Op 04229

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-12540 
2024-04648
 (Index No. 523714/19)

[*1]Nelson P. Echavarria, respondent, 
v
Rego Park Gardens Owners, Inc., et al., appellants.

Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Richard J. Montes and Alexandra M. Monteforte], of counsel), for appellants.
Pontisakos & Brandman, P.C., Garden City, NY (Elizabeth Mark Meyerson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated October 5, 2023, and (2) an order of the same court dated January 17, 2024. The order dated October 5, 2023, denied the defendants' motion, inter alia, to vacate the note of issue and to compel the plaintiff to provide certain discovery. The order dated January 17, 2024, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated October 5, 2023, denying the defendants' motion, among other things, to vacate the note of issue and to compel the plaintiff to provide certain discovery.
ORDERED the appeal from the order dated October 5, 2023, is dismissed, as that order was superseded by the order dated January 17, 2024, made, in effect, upon reargument; and it is further,
ORDERED that the order dated January 17, 2024, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In October 2019, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in April 2019, when he tripped and fell on a sidewalk abutting the defendants' property.
At his deposition held in September 2021, the plaintiff testified that he had been involved in a motor vehicle accident subsequent to his April 2019 trip and fall, which motor vehicle accident the defendants subsequently determined had occurred in October 2020. The plaintiff testified, inter alia, that he received therapy for lower back pain in connection with the motor vehicle accident, but that he had not commenced an action to recover damages for personal injuries allegedly sustained in that accident. In February 2022, the defendants served post-deposition discovery demands seeking, among other things, information regarding the motor vehicle accident. In a [*2]response dated May 27, 2022, the plaintiffs did not disclose information regarding the motor vehicle accident.
In April 2023, the plaintiff filed a note of issue and certificate of readiness.
In September 2023, the defendants moved, inter alia, to vacate the note of issue on the basis that they had recently learned that the plaintiff had commenced an action in January 2023 to recover damages for personal injuries sustained in the motor vehicle accident, and that the plaintiff was alleging, among other things, that the motor vehicle accident had exacerbated a preexisting condition, which he had sustained as a result of a 2019 trip and fall accident. The defendants asserted that they had also recently learned that the plaintiff had been involved in a trip and fall accident in September 2019. The defendants also sought to compel the plaintiff to provide discovery regarding the motor vehicle accident and the September 2019 trip and fall accident, including, inter alia, medical authorizations, and to appear for a further deposition and independent medical examinations. The plaintiff opposed the motion. In an order dated October 5, 2023, the Supreme Court denied the defendants' motion. The defendants thereafter moved for leave to reargue their prior motion, and the plaintiff opposed the motion. In an order dated January 17, 2024, the court, in effect, granted reargument, and upon reargument, adhered to the determination in the order dated October 5, 2023, denying the defendants' prior motion. The defendants appeal.
A motion to vacate a note of issue is addressed to the sound discretion of the Supreme Court (see Nationstar Mtge., LLC v Ghaness, 216 AD3d 791, 792-793). "'Where a party's motion to vacate a note of issue is timely, the party is required only to demonstrate why the case is not ready for trial'" (Plenty v New York City Tr. Auth., 229 AD3d 571, 573, quoting Reardon v Macy's, Inc., 191 AD3d 712, 714 [alterations and internal quotation marks omitted]; see 22 NYCRR 202.21[e]). "However, where the motion is not timely, the party seeking relief must meet the more difficult standard of 22 NYCRR 202.21(d)" (Plenty v New York City Tr. Auth., 229 AD3d at 573 [internal quotation marks omitted]), which requires the movant to demonstrate that "unusual or unanticipated circumstances [have] develop[ed] subsequent to the filing of [the] note of issue . . . which require additional pretrial proceedings to prevent substantial prejudice" (22 NYCRR 202.21[d]; see Plenty v New York City Tr. Auth., 229 AD3d at 573; Audiovox Corp. v Benyamini, 265 AD2d 135, 138-139). In support of their motion, the defendants asserted, inter alia, that the plaintiff failed to respond to information requested in post-deposition discovery demands served in February 2022 regarding the motor vehicle accident. Yet, despite the outstanding discovery demands, when the plaintiff filed the note of issue in April 2023, the defendants failed to object. "A lack of diligence in seeking discovery does not constitute unusual or unanticipated circumstances warranting post-note of issue disclosure" (Tirado v Miller, 75 AD3d 153, 161; see Audiovox Corp. v Benyamini, 265 AD2d at 140).
Here, the defendants' motion, inter alia, to vacate the note of issue was made in September 2023, more than four months after the note of issue had been filed. That branch of the defendants' motion which was to vacate the note of issue was untimely, and the defendants failed to demonstrate the existence of unusual or unanticipated circumstances since the filing of the note of issue warranting its vacatur (see Plenty v New York City Tr. Auth., 229 AD3d at 573). For the same reasons, the defendants failed to demonstrate that additional discovery was warranted (see 22 NYCRR 202.21[d]; Audiovox Corp. v Benyamini, 265 AD2d at 140).
Accordingly, the Supreme Court, in effect, upon reargument, properly adhered to its determination denying the defendants' motion, inter alia, to vacate the note of issue and to compel further discovery (see Plenty v New York City Tr. Auth., 229 AD3d at 573).
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court