Sullivan v R&J Mobility Serv., Inc. (2023 NY Slip Op 01318)

Sullivan v R&J Mobility Serv., Inc.

2023 NY Slip Op 01318

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-04368 
2020-04369
2020-05120
2020-06824
 (Index No. 52607/17)

[*1]Bridget Sullivan, respondent-appellant, 
v
R & J Mobility Service, Inc., et al., defendants, Manufacturing & Production Services Corporation, appellant-respondent.

Schnader Harrison Segal & Lewis LLP, White Plains, NY (Sim R. Shapiro of counsel), for appellant-respondent.
Worby Vecchio Edelman, LLP, White Plains, NY (Michael L. Taub and Richard S. Vecchio of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Manufacturing & Production Services Corporation appeals from (1) an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated March 9, 2020, (2) an order of the same court (Mary H. Smith, J.) dated April 24, 2020, (3) an order of the same court dated June 4, 2020, and (4) an order of the same court (Joan B. Lefkowitz, J.) dated August 12, 2020, and the plaintiff cross-appeals from the orders dated June 4, 2020, and August 12, 2020. The order dated March 9, 2020, denied the motion of the defendant Manufacturing & Production Services Corporation to vacate the note of issue and to compel the plaintiff to produce a certain device for inspection, or, in the alternative, to preclude the plaintiff's expert from testifying at trial. The order dated April 24, 2020, denied the motion of the defendant Manufacturing & Production Services Corporation for summary judgment dismissing the amended complaint insofar as asserted against it. The order dated June 4, 2020, insofar as appealed from, upon renewal, adhered to the determination in the order dated April 24, 2020. The order dated August 12, 2020, insofar as appealed from, upon renewal, adhered to the determination in the order dated March 9, 2020. The order dated June 4, 2020, insofar as cross-appealed from, granted that branch of the motion of the defendant Manufacturing & Production Services Corporation which was for leave to renew its prior motion for summary judgment dismissing the amended complaint insofar as asserted against it. The order dated August, 12, 2020, insofar as cross-appealed from, granted that branch of the motion of the defendant Manufacturing & Production Services Corporation which was for leave to renew its prior motion, inter alia, to vacate the note of issue.
ORDERED that the appeals from the orders dated March 9, 2020, and April 24, 2020, are dismissed, as those orders were superseded by the orders dated August 12, 2020, and June 4, 2020, respectively, made upon renewal; and it is further,
ORDERED that the orders dated June 4, 2020, and August 12, 2020, are affirmed insofar as appealed from; and it is further,
ORDERED that the cross-appeals are dismissed, as the plaintiff is not aggrieved by the orders cross-appealed from (see CPLR 5511); and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
This action arises out of a motor vehicle accident which occurred in January 2016 in Yonkers. The plaintiff allegedly was injured while a passenger in a vehicle owned and operated by Denis C. Sullivan. The plaintiff alleged, inter alia, that a device known as a "Quad Fork Spinner" (hereinafter the device), manufactured by the defendant Manufacturing & Production Services Corporation (hereinafter MPS) which was attached to the steering wheel of Denis C. Sullivan's vehicle as an aid to assist drivers with disabilities, was defective, contributing to the accident.
A manufacturer who places a defective product into the stream of commerce may be liable for injuries or damages caused by such product (see Gebo v Black Clawson Co. , 92 NY2d 387, 392). Depending upon the factual circumstances, a person injured by a defective product may maintain causes of action under the theories of strict products liability, negligence, or breach of warranty (see Voss v Black & Decker Mfg. Co. , 59 NY2d 102). However, it is well settled that a manufacturer may not be liable, either on a negligence or strict products liability cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of a plaintiff's injuries (see Robinson v Reed-Prentice Div. of Package Mach. Co. , 49 NY2d 471, 475).
Here, upon renewal, the Supreme Court properly adhered to its determination denying MPS's motion for summary judgment dismissing the amended complaint insofar as asserted against it. MPS met its prima facie burden by submitting, inter alia, the affidavit of a welder previously employed by MPS, which demonstrated that the device was re-welded after it was sold and that the re-welding was a substantial modification. However, in opposition, the plaintiff raised triable issues of fact as to whether, among other things, the device had in fact been re-welded. Accordingly, MPS's motion for summary judgment dismissing the amended complaint insofar as asserted against it was properly denied (see Zuckerman v City of New York , 49 NY2d 557).
Contrary to MPS's further contention, the Supreme Court, upon renewal, properly adhered to its prior determination denying its motion, inter alia, to vacate the note of issue and to compel the plaintiff to produce the device for inspection. A motion to vacate a note of issue generally may not be made more than 20 days after the note of issue has been served "except for good cause shown" (22 NYCRR 202.21[e]). In addition, a court may grant permission to conduct additional discovery after the filing of a note of issue "[w]here unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice" (id. § 202.21[d]). Here, MPS did not seek to vacate the note of issue until after receiving the plaintiff's opposition to its motion for summary judgment, approximately five months after the note of issue was filed. MPS's contention that the plaintiff's expert raised a new theory of liability in opposition to its motion for summary judgment is without merit, as the plaintiff's assertion that there was a welding defect was specifically alleged in the bill of particulars.
MPS's remaining contention is without merit.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court